**UNITED STATES, Appellee,**

v.

**Aviation Boatswain's Mate Handler Airman Recruit Bart E. WRAY, U.S. Navy, Appellant.**

No. 45,067.

NMCM 82 0840.

U.S. Court of Military Appeals.

April 9, 1984.

For Appellant: *Lieutenant Louis F. Sadler*, JAGC, USNR (argued); *Lieutenant Commander Richard K. Delmar*, JAGC, USNR, and *Lieutenant John M. Feagan*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Anita M. Fulton*, JAGC, USNR (argued); *Commander Jay M. Siegel*, JAGC, USNR, and *Commander W.J. Hughes*, JAGC, USN (on brief).

*Opinion of the Court*

FLETCHER, Judge.

The Judge Advocate General of the Navy certified the record of appellant's general court-martial * for us to consider whether a variance between the date of the larceny in the charge laid and that proven in the members' findings was a fatal variance in that it violated due process rights. 14 M.J. 447 (1982). We are persuaded by authority of the United States Supreme Court that such is the case. *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979). Under these particular facts, the change of date created a material and non-permissible variance.

Stipulated testimony at trial established that a newsman brought onboard ship a canvas bag containing various articles (all listed in Charge I) and set this down on the flight deck on August 6, 1980. Though no one had been given permission to take any of these items, the bag and its contents disappeared. Two prosecution witnesses established that prosecution exhibits 9–17, previously contained in the bag, were discovered in appellant's locker on September 4, 1980. In rebuttal, appellant testified that he had found the bag about one and a

---

* Appellant was tried by general court-martial on October 8, 1981, upon charges in violation of Article 121, *Uniform Code of Military Justice*, 10 U.S.C. § 921, alleging the larceny on August 6, 1980, of various electronic or associated items valued at $3,000.00, the property of KSTW–TV station (Charge I), and of Article 134, UCMJ, 10 U.S.C. § 934, alleging the unlawful receipt of the same items which he knew had been stolen (Charge II). He entered pleas of not guilty to both charges and the specifications thereunder. The court with members found him guilty of Charge I by exceptions and substitutions, excepting the date of August 6, 1980, and substituting August 25, 1980, and excepting the amount of $3,000.00 and substituting the amount of $2,180.00. He was found not guilty of Charge II. He was sentenced to be confined at hard labor for 9 months and to forfeit $300.00 pay per month for 9 months. The convening authority on January 18, 1982, disapproved the finding of guilty of larceny and approved the lesser-included offense of wrongful appropriation, and reassessed the sentence to confinement at hard labor for 3 months and forfeiture of $300.00 pay per month for 3 months.

half weeks before their discovery in his locker and that he was unaware that the items were stolen property.

Trial counsel brought evidence to this charge on the theory that appellant was guilty of stealing the photographic equipment on August 6, 1980. However, appellant, by his own testimony, claimed that the items were found abandoned later in the month onboard the ship, and that he was unaware of their status as stolen goods until the September date when they were found in his locker. The military judge, after presentation of evidence, instructed on larceny both by taking *and* withholding. The jury apparently rejected both the initial prosecutorial allegation and appellant's assertion that he was unaware of the goods' stolen status, and convicted him of larceny by withholding on August 25, 1980.

The Government asserts that one charge is a mere variation of the other and that substitution of one date for the other is a permissible and non-fatal variance of the prior date. From the evidence of record, however, the jury chose to believe appellant's assertion that he found the items or that there was insufficient evidence to convict him of larceny by taking. Nevertheless, the members were convinced that he was guilty of a second larceny, that of withholding. Thus, he correctly complained that he was charged with one larceny but convicted of another.

Clearly an accused cannot be convicted of a crime different from that charged. *United States v. Lee,* 483 F.2d 959 (5th Cir. 1973); *United States v. Lynn,* 461 F.2d 759 (10th Cir.1972). Such is explicit in paragraph 74*b*(2), Manual for Courts-Martial, United States, 1969 (Revised edition):

(2) *Exceptions and substitutions.* One or more words or figures may be excepted and, when necessary, others substituted, provided the facts as so found constitute an offense by the accused which is punishable by the court and provided such an action does not change the nature or identity of any offense charged in the specification or increase the amount of punishment that might be imposed for any such offense. The substitution of a new date or place may, but does not necessarily, change the nature or identity of an offense. For action to be taken when the evidence indicates an offense not charged, see 55.

The United States Supreme Court in *Dunn v. United States, supra,* considered a conviction approved on appeal which involved a charge neither alleged in the indictment nor returned in the jury findings. A unanimous court (8–0) observed:

To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused. *See Eaton v. Tulsa,* 415 U.S. 697, 698–699, 94 S.Ct. 1228, 1229–1230, 39 L.Ed.2d 693 (1974) (*per curiam*); *Garner v. Louisiana,* 368 U.S. 157, 163–164, 82 S.Ct. 248, 251–252, 7 L.Ed.2d 207 (1961); *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed.2d 644 (1948); *DeJonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed.2d 278 (1937).

442 U.S. at 106–07, 99 S.Ct. at 2194.

While factual distinctions may be drawn between the instant case and *Dunn,* the authority of the latter reinforces the notion that due process provides the accused the opportunity to defend against a charge before he can be found guilty of it. As appellant was convicted of a separate larceny for which he was not charged, this tenet was violated.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings and sentence are set aside, and the Charge and its specification are dismissed without prejudice to another trial being held on the proper charge.

Chief Judge EVERETT and Judge COOK concur.