UNITED STATES, Appellee,

v.

Sergeant First Class Michael R. RATH, 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, United States Army, Appellant.

ACMR 8601290.

U.S. Army Court of Military Review.

27 Oct. 1988.

For Appellant: William J. Holmes, Esquire (argued); Lieutenant Colonel Joel D. Miller, JAGC, Major Stewart C. Hudson, JAGC, Captain Kevin G. Sugg, JAGC (on brief).

For Appellee: Captain Jody M. Prescott, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, JAGC, Captain Carlton L. Jackson, JAGC, Captain Marcus A. Brinks, JAGC, (on brief).

Before DeFORD, KANE and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial of sodomy upon a child under the age of sixteen years and assault and battery (three speci-

fications) in violation of Articles 125 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 928 (1982) [hereinafter UCMJ]. His approved sentence included a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

On appeal, the appellant raises a number of assignments of error, three of which warrant discussion.

## I

### *Sufficiency of the Evidence*

The appellant argues that the evidence of record is factually insufficient to support his conviction because the government's witnesses are "inherently incredible" and unworthy of belief. He further argues that the evidence of record is legally insufficient to support his conviction because the government failed to establish the dates of the offenses as alleged.

■ In testing for the legal sufficiency of the evidence of record, we must determine whether a rational factfinder could find the essential elements of the offense when the evidence of record is considered in the light most favorable to the prosecution. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In testing for the factual sufficiency of the evidence, this court must weigh the evidence of record making allowance for not having seen and heard the witnesses and determine for ourselves whether an accused is guilty beyond reasonable doubt of the offenses with which he is charged. *Id.* at 325, 99 S.Ct. at 2792.

## A

The specification of Charge I alleges that the appellant committed sodomy upon his daughter, a child under the age of sixteen, by placing his penis in her mouth at Fort Polk, Louisiana, "between on or about January 1984 and on or about July 1984." The appellant argues simply that the evidence of record "unequivocally" establishes that the act occurred between September 1983 and December 1983 "if the act occurred at all." The appellant concludes that the evidence thus fails to support the essential element that the offense occurred between January 1984 and July 1984.

At trial, D.R., the appellant's daughter, testified that, during the summer of 1984, she was living with her family—to include the appellant—at Fort Polk, Louisiana. In testifying with regard to several of the charged specifications, she stated that she was eleven or twelve years of age during this time and that the appellant fondled her breasts and vagina and that he placed his mouth on her vagina. She also testified that the appellant committed these acts "whenever he felt like it" and that she could not remember how many times such acts occurred. Finally, she testified that the appellant had committed oral sodomy upon her during most of her life. As to the offense alleged within the specification, she testified that, during the period that her mother was working at a local department store, she had performed the alleged act of oral sodomy upon her father. Collateral evidence established that D.R.'s mother was employed by the department store from September 1983 through December 1983.

■ While the government was somewhat less than precise in establishing the time frame during which the crime was committed, there is sufficient evidence to establish the appellant's guilt of the offense both as a matter of law and as a matter of fact. However, the appellant misunderstands the legal significance of the conflict which exists between the pleading and the proof: such a conflict raises the legal issue of variance rather than one of the sufficiency of the evidence.

■ A variance between pleading and proof exists when the evidence adduced at trial establishes the commission of a criminal offense by the accused but this proof does not conform strictly with the criminal offense alleged within the specification of the charge. When confronted with such an issue we must test for prejudice. *United States v. Lee*, 1 M.J. 15, 16 (C.M.A.1975).

To determine whether an accused has been prejudiced by a variance between pleadings and proof, a two prong test is applied: first, we must determine whether the accused was misled "to the extent that he has been unable adequately to prepare for trial"; second, we must determine whether the accused is fully protected against another prosecution for the same offense. *Id.* In effect, we must ensure that the appellant was afforded the opportunity to defend against the charge of which he was convicted, *United States v. Wray*, 17 M.J. 375, 376 (C.M.A.1984), and that he is protected against subsequent punishment on convictions for the same conduct, *United States v. Freeman*, 23 M.J. 531, 537 (A.C. M.R.1986), *petition denied*, 26 M.J. 290 (C.M.A.1988).

█ In the case at bar, the substantive offense proved at trial and alleged in the specification are not only "substantially similar," they are identical with respect to the victim, the place and the overt act alleged. *Cf. United States v. Collier*, 14 M.J. 377, 380 (C.M.A.1983) (affirming a conviction for conspiracy where the overt act proved at trial differed from that alleged); *United States v. Freeman*, 23 M.J. at 538 (evidence adduced at trial established the offense, place and person as alleged). Consequently, the variance in the date is the sole basis upon which the appellant may predicate an assertion of prejudice.

The appellant's ability to prepare for trial was not impaired by the variance in date. The summarized record of D.R.'s testimony at the Article 32, UCMJ, contains the following statement:

I know about the statement I made about the incidents occurring between June 1983 and July 1984. Specifically they happened in our quarters at Fort Polk between January 1984 and June 1984.

During the Article 32, UCMJ, investigation, D.R. had also testified that the alleged act of sodomy had occurred shortly after her mother had begun her employment * at the Walmart department store. Consequently, the appellant had actual notice that the date on which the alleged conduct occurred was established circumstantially by reference to a collateral event. The appellant was thus alerted to the possibility that the alleged misconduct might lie outside the dates alleged but well within the statute of limitations.[1] Additionally, the appellant's trial defense counsel made a motion for a finding of not guilty premised on this same point of variance. When this motion was denied, he relied on the variance in making his final summation on the case. The appellant was tried on 3 December 1986, more than two months after this court published its opinion in *United States v. Freeman, supra.* Thus, the appellant also had constructive notice of this court's disposition of a case on facts almost indistinguishable from those in the case at bar. Under these circumstances, the appellant, like the accused in *Freeman*, "was well aware of the discrepancy and was not misled in his defense of the charge." *United States v. Freeman*, 23 M.J. at 538.[2]

The appellant is protected against a subsequent prosecution for the same offense. Obviously, the government could conceivably prosecute the appellant for the same act of sodomy alleging that it was commit-

1. There was a three-year limitation for prosecution of the offense at the time of preferral. Article 43, UCMJ, 10 U.S.C. § 843 (1982). Charges were preferred on 11 August 1986.

2. We distinguish our holding in the present case from that of the United States Court of Military Appeals in *United States v. Wray*, 17 M.J. 375 (C.M.A.1984). In *Wray*, a court composed of members rejected the government theory that the accused had committed the larceny by taking on 6 August 1980, and convicted him by substitutions and exceptions of larceny by withholding on 25 August 1980. The variance in the date was collateral to the variance in the theory

underlying Wray's conviction. *See United States v. Sicley*, 20 C.M.R. 118, 126 (C.M.A.1955). The editorial notes which accompany the published opinion misstate the holding and the concerns of the court in *Wray*. This may be due in part to the footnote in the case. *Compare United States v. Wray*, 17 M.J. at 375 n. * ("The court ... found him guilty of Charge I by exceptions and substitutions, excepting the date of August 6, 1980, and substituting August 25, 1980"), *with United States v. Wray*, 17 M.J. at 376 ("The jury apparently rejected both the initial prosecutorial allegation and ... convicted [Wray] of larceny by withholding on August 25, 1980").

ted "between on or about 1 September 1983 and on or about 31 December 1983." The appellant's record of conviction would not alone be sufficient to bar a second trial for the same offense. However, he could interpose his record of trial and effectively raise the bar of *res judicata.* *United States v. Carter,* 36 C.M.R. 433 (C.M.A. 1966); *United States v. Means,* 30 C.M.R. 290 (C.M.A.1961); *United States v. Harrington,* 27 C.M.R. 696 (A.C.M.R.1959). The facts of record are more than sufficient to bar prosecution for any act of sodomy with D.R. which may have occurred from between the September of 1983 through the July of 1984. Consequently, the appellant is protected against a subsequent prosecution for the same offense. Accordingly, the appellant was not prejudiced by the variance in date between the proof and the pleading.

**B**

■ The appellant also challenges the sufficiency of the evidence with respect to Specification 1 of Charge II which alleges that the appellant, "between on or about January 1984 and July 1984," did unlawfully strike his daughter, D.R., on her arms, face and body with his fists. Our review of the evidence of record concerning this offense does not convince us beyond a reasonable doubt that an assault and battery was committed as opposed to otherwise lawful disciplinary punishment. Accordingly, we will dismiss the finding of guilty with respect to this charge and reassess the sentence.

**C**

In Specification 2 of Charge II, the appellant was charged with an assault and battery upon his daughter, D.R., a child under the age of sixteen, "between on or about January 1984 and on or about July 1984," by fondling her between her legs and on her breasts with his hands. The appellant argues that the evidence of record is not sufficient to establish "that a specific act, or a series of acts, occurred within the time period alleged in the specification." He also contends that the government failed to

prove that the acts were without the consent and against the will of D.R.

■ At trial, D.R. testified that, at divers times during the summer of 1984, the appellant fondled her breasts and vagina both at times while she was clothed and at times while she was unclothed. Such evidence, if believed, was sufficient to constitute either the offense of indecent assault under Article 134, UCMJ, the offense of indecent liberties with a child under that same article, or the lesser included offense of assault and battery under Article 128, UCMJ. Manual for Courts–Martial, United States, 1984, [hereinafter M.C.M.], Part IV, paras. 54, 63 and 87. Because the statute of limitations then in effect barred the appellant's convictions for these offenses, the government charged the conduct of the appellant under Article 128, UCMJ, in order to avoid the statutory time limit. Article 43, UCMJ, 10 U.S.C. § 843 (1982).

■ As we have noted, the issue presented by the appellant is one of variance and not sufficiency of the evidence. It is obvious that the "summer of 1984" could include a period of time outside that alleged in the specification. A slight variance between the pleading and proof at trial is not fatal where the specification provides notice to the accused of the criminal offense against which he must defend and provides a bar against a second trial for the same offense. *United States v. Freeman, supra.* For the same rationale we set forth with respect to the specification considered under Part A, we find that the appellant has suffered no prejudice from this variance. The appellant had adequate notice of the offense charged and is protected from further jeopardy.

■ Turning to the second prong of the appellant's attack on the sufficiency of the evidence, we note that the appellant never asserted at trial that D.R. consented to the alleged assault nor does any independent evidence of record suggest that the defense of consent or the defense of mistake of fact would lie. In an abundance of caution, we will nevertheless consider his assertion.

■ Because the offense was charged under Article 128, UCMJ, the law of the case is that of assault and battery. Under a charge of assault and battery, it is incumbent upon the prosecution to prove beyond a reasonable doubt: (1) that during the time and at the place alleged, the accused did bodily harm to D.R.; (2) that the accused did so in the manner alleged; and (3) that the bodily harm was done with unlawful force and violence. *See* Manual for Courts–Martial, United States, 1984, Part IV, paragraph 54. Such act must be done without legal justification or excuse and *without the lawful consent of the victim. Id.* Consequently, consent may be a defense to the charge of assault and battery. *United States v. Davis,* 15 M.J. 567 (A.C. M.R.1983). Where there is consent, there can be no unlawful force or violence; consequently, there can be no criminal act of assault and battery.

■ While the Congress has created some special exceptions concerning the defense of consent in some criminal offenses in order to protect children, our research does not indicate that assault and battery is one of the criminal offenses so exempted. Therefore, a child could consent to an assault and such consent would, as we have noted, preclude the existence of the criminal act. *See United States v. Bruskin,* 39 C.M.R. 783 (A.B.R.1967). Heretofore, this court has recognized that children are incapable of physically resisting the commands of parental authority. *United States v. Clark,* 15 M.J. 974, 977 (A.C.M.R. 1983), *petition denied,* 17 M.J. 16 (C.M.A. 1983). In *Bruskin,* the Army Board of Review, in considering the issue of whether a child victim consented to an assault with intent to commit sodomy, quoted with approval the case of *People v. Dong Pok Yip,* 164 Cal. 143, 127 P. 1031 (1912), involving an assault with the intent to commit sodomy upon a nine-year-old boy. There it was stated:

> [I]t must be conceded, as contended by counsel for the defendant, that an assault implies revulsion, or at least want of consent on the part of the person assaulted [citations]; and, if it could be fairly said that the evidence in the present case compelled the conclusion that the boy knowingly consented to the commission of the crime charged against the defendant, there would be no escape from a reversal of the judgment. We are of the opinion, however, that the evidence upon the whole case falls short of showing that the boy actually and knowingly consented to be the victim of the alleged assault. It may be admitted that the evidence shows that the boy was ignorantly indifferent and passive in the hands of the defendant, even to the point of submission; but there is a decided difference in law between mere submission and actual consent. Consent, in law, means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice to do something proposed by another. "Consent" differs very materially from "assent." The former implies some positive action and always involves submission. The latter means mere passivity or submission which does not include consent. [Citations]. In cases of the character under discussion, the age and mentality of the subject of an indecent assault is important, and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years or retarded mental development to an attempted outrage of its person should not, in and of itself, be construed to be such consent as would, in point of law, justify or excuse the assault. [Citation]. It is neither unreasonable nor unnatural to assume that such a child, in the hands of a strong man, might be easily overawed into submitting without actually consenting.

*United States v. Bruskin,* 39 C.M.R. at 785 (quoting *People v. Dong Pok Yip, supra* ). *See also United States v. Perez,* 108 Cal. Rptr. 474, 9 Cal.3d 651, 510 P.2d 1026 (1973).

Here the appellant's defense was based upon the theory that the acts had not occurred. The court provided the finders of fact appropriate instructions concerning the issue of consent and its application to

assault and battery as we have heretofore noted. The record of trial does not affirmatively show consent or the lack thereof. However, no defense was raised at trial on that point. The criminal act was accompanied by the threat that the appellant would divorce the child's mother if she told anyone about the incident. Our reading of the totality of the evidence convinces us beyond a reasonable doubt that the victim, D.R., did not consent to the assault and battery. Here is a case of a child submitting to the sexual demands of her father. There is not one scintilla of evidence to support appellant's argument that D.R. voluntarily and knowingly consented to such offensive and revolting acts upon her person. Accordingly, we find the evidence sufficient to establish guilt beyond a reasonable doubt.

### D

In Specification 3 of Charge II, the appellant was charged with assaulting S.G., D.R.'s maternal aunt and a minor child, by fondling her breasts and pubic area. The appellant challenges his conviction for this offense on the grounds that the government's evidence proved that the offense had occurred on 3 July 1984 and that the government's evidence failed to disprove his alibi defense. He further alleges that the government failed to prove lack of consent to the offense charged.

S.G. was a house guest of the Rath family from June 1984 through August 1984. S.G. was at that time thirteen or fourteen years of age. S.G. testified that, on the night of 3 July 1984, while she, D.R., and the appellant were watching television, the appellant fondled her breasts and vagina and "French" kissed her. D.R. corroborated a portion of S.G.'s testimony. The appellant, however, presented evidence that on the 3 July 1984, he was on a fishing trip with his son.

■ Although an "alibi" defense is a tactical attempt to establish an accused's presence at a locus removed from the situs of the crime at the time it was allegedly committed, an alibi is not an affirmative or special defense requiring proof beyond reasonable doubt that the evidence of alibi is false. *United States v. Brooks*, 25 M.J. 175, 178 (C.M.A.1987). *See* R.C.M. 916. Consequently, the finder of fact may reject an alibi defense without rebuttal by the government.

■ While we cannot determine from the record whether the members of the court rejected the appellant's alibi defense or rejected his general denial of the alleged acts. We are satisfied of the appellant's guilt both as a matter of law and a matter of fact. The rule requiring the finder of fact to be convinced of guilt beyond reasonable doubt does not require that the evidence be free from conflict or that every conflict in the evidence be resolved. *United States v. Teeter*, 12 M.J. 716 (A.C.M.R.1981), *affirmed in part, reversed in part*, 16 M.J. 68 (C.M.A.1983).

■ Nor are we persuaded by the appellant's argument that the government failed to prove lack of consent. First, the appellant did not raise this defense at trial nor does the evidence of record support such a defense. Given S.G.'s age, her testimony at trial that she objected to the appellant's unlawful touching, and the appellant's position of authority *in loco parentis*, we are satisfied both in law and in fact that the defense of consent was not raised and that S.G. did not in fact consent to the appellant's unlawful acts. Accordingly, we find no merit to the appellant's allegations and are satisfied that the record of trial sustains appellant's guilt beyond a reasonable doubt.

### II

In his second assignment of error, the appellant asserts that the military judge erred in admitting over defense objection evidence of acts of uncharged misconduct. The evidence included testimony by D.R. that the appellant placed his mouth on her vagina, that he rubbed his penis against her vagina, and that the appellant had committed a variety of acts of sexual abuse against her from the time that she was three years old. The government also in-

troduced evidence that the appellant had physically abused his wife.

■ The evidence of the appellant's collateral acts of sexual abuse against D.R. were properly admissible under Mil.R.Evid. 403(b). This evidence of uncharged misconduct was not admitted for the purpose of proving the appellant's criminal propensity. Mil.R.Evid. 404(a). This evidence was relevant to the charged offenses. Mil.R.Evid. 401. The evidence amounted to proof of appellant's prior course of conduct towards D.R., a course of conduct encompassing almost a decade during which time D.R. was an object of the appellant's sexual affections. Such evidence established a continuing scheme of victimization of D.R. by the appellant. We are also satisfied that the prejudicial impact of the evidence did not outweigh its probative value. Mil. R.Evid. 403. In short, the evidence satisfies the test for admission of such evidence. *United States v. Brannan*, 18 M.J. 181 (C.M.A.1984) (in order to be admissible, there must be a nexus between the uncharged misconduct and the offense charged, the evidence must tend to prove that the accused committed the charged acts, and the probative value of the evidence must outweigh its prejudicial impact). Accordingly, the evidence was properly admissible under Mil.R.Evid. 404(b).

■ However, evidence of the appellant's physical abuse of his wife is wholly collateral to the offenses charged. The relevancy of physical abuse of the spouse is so tangential to offenses charging the physical and sexual abuse of children that the evidence amounts to little more than proof of criminal propensity in violation of Mil.R.Evid. 404(a). Even if such evidence is considered relevant under the broad mantle of "interfamilial abuse," its tendency to prejudice the appellant with respect to the charged offenses of child abuse far outweighs any probative value that it might otherwise afford. Accordingly, we find that the military judge abused his discretion and committed error in permitting such evidence to come before the finder of fact.

■ We test for prejudice and find none with respect to the offenses alleging the sexual abuse of D.R. and S.G. Having decided that the evidence of record was insufficient to support the offense of assault and battery of D.R., the appellant is not prejudiced with respect to findings on that specification. We will reassess the sentence to cure any possible remaining prejudice.

### III

The appellant also argues that the military judge erred in admitting certain testimony by a social worker. He contends that the testimony of the social worker amounts to an expert opinion that D.R. was in fact sexually abused and that D.R. is truthful when she claimed that she had been sexually abused.

■ At trial, Miss Lori Abramson, a clinical social worker with a masters degree in social work, was qualified without objection as an expert "in the field of behavioral characteristics of sexually abused children and the psychotherapy of sexually abused children." She testified concerning the "behavioral indicators" exhibited by sexually abused children. She further testified that she had been counseling and "treating" D.R. for sexual abuse because D.R. exhibited the behavioral characteristics typical of a sexually abused child. Miss Abramson stated without objection that D.R. had identified her father as the person who sexually abused her. The military judge gave a limiting instruction that Miss Abramson would be permitted to testify about the symptoms exhibited by sexually abused children in general and the symptoms specifically exhibited by D.R.; he further instructed that Miss Abramson "may not state and is not permitted to state" that those symptoms were in fact caused by any particular "matter." Miss Abramson then distinguished the behavioral characteristics of those children who falsified reports of sexual abuse from those who were truthful about sexual abuse stating that the former group generally related but a single episode of sexual abuse while the latter group generally related a history

of repeated incidents of sexual abuse. When asked to "relate" D.R. into one of these two groups, Miss Abramson stated, "My belief is that [D.R.] is telling the truth." On objection by the appellant, the military judge instructed the members to disregard that portion of Miss Abramson's testimony. He later instructed the members that Miss Abramson's opinion concerning D.R.'s credibility was not relevant, that the members were required to determine that issue for themselves, and that Miss Abramson's opinion had no place in the member's deliberations on the issue of credibility. Miss Abramson then testified that D.R. reported a historical pattern of sexual abuse.

The appellant argues that Miss Abramson's testimony amounts to an "expert" opinion on the truthfulness and credibility of D.R. We disagree.

In *United States v. Nelson,* the United States Court of Military Appeals stated:

> This Court has held "that there is a sufficient body of 'specialized knowledge'" regarding "the typical behavior of sexually abused children and their families," such that the conclusions which an expert draws as to these "behavioral patterns" are admissible. *United States v. Snipes,* 18 M.J. 172, 179 (C.M.A.1984).

*United States v. Nelson,* 25 M.J. 110, 113 (C.M.A.1987). However, that court has also ruled that testimony by an expert that a victim's assertions are "believable" was erroneously admitted where the "expert in the area of child sexual abuse, despite her knowledge, training, and experience, never demonstrated specialized knowledge in her capacity to determine if a child-sexual-abuse victim was telling the truth." *United States v. Petersen,* 24 M.J. 283, 284 (C.M.A.1987).

As we have noted, Miss Abramson did state that she believed the D.R.'s complaint of sexual abuse. However, her testimony in this vein was objected to by counsel and the trial judge instructed the court to disregard this portion of her testimony in its entirety. Although her statement constituted error, the correcting instructions of the military judge removed any prejudice arising from this testimonial violation of the court's instruction concerning the scope of her testimony.

 We find that any error which may have attended that portion of Miss Abramson's testimony which was admitted at trial was either harmless or waived if error at all. First, although the government did not establish Miss Abramson's credentials with respect to the field of false allegations of sexual abuse or, for the matter, that such a field of specialized knowledge existed at all, the appellant did not object to Miss Abramson's testimony on these grounds. Accordingly, he waived any error that may have attended the admission of such an expert opinion. Mil.R. Evid. 103(a)(1). Second, Miss Abramson's testimony as admitted does not include any assertion that D.R. was telling the truth or that D.R. was in fact sexually abused. Further, that portion of Miss Abramson's testimony relating the symptomology of child-sexual-abuse victims and the symptoms manifested by D.R. is clearly admissible. *United States v. Nelson, supra.*

Considering the balance of her testimony admitted at trial, we perceive little distinction between testimony that the symptoms of a child alleged to be a victim of child-sexual-abuse are consistent with the symptomology of sexually abused children in general and testimony that the child's symptoms are inconsistent with the symptomology of a false claim of sexual abuse. In this respect, the testimony of Miss Abramson is more closely related to the testimony determined to be admissible in *Nelson* than that determined to be inadmissible in *Petersen.* Even assuming error, the semantically insignificant subtlety in any distinction between the admissible portions of Miss Abramson's testimony and the testimony in issue is harmless; this is especially true in light of the careful instructions of the military judge. Accordingly, we find no prejudicial error was committed here.

## IV

We have considered the remaining assignments of error, including those person-

ally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them without merit.

The finding of guilty of Specification 1 of Charge II is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted above and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade Private E1.

Judge KANE and Judge SMITH concur.