UNITED STATES, Appellant,

v.

Felix A. BONANO–TORRES, Staff
Sergeant, U.S. Army, Appellee.

No. 63,860

CM 8801994.

U.S. Court of Military Appeals.

Argued April 17, 1990.

Decided Sept. 25, 1990.

For the Accused: *Captain Ralph L. Gonzalez* (argued); *Lieutenant Colonel Russell S. Estey* (on brief); *Captain James Kevin Lovejoy.*

For the United States: *Captain Jonathan F. Potter* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Randy V. Cargill* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On September 1 and 2, 1988, the accused was tried by military judge sitting alone as a general court-martial at Garlstedt, Federal Republic of Germany. Contrary to his pleas, he was found guilty of rape, assault and battery, and false swearing, in violation of Articles 120, 128, and 134, Uniform

Code of Military Justice, 10 USC §§ 920, 928, and 934, respectively. He was sentenced to a dishonorable discharge, confinement and forfeiture of $600.00 pay per month for 24 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review set aside the findings of guilty of rape and dismissed that offense; modified the findings of guilty of assault; and affirmed the false-swearing conviction. It also set aside the approved sentence and authorized a rehearing on sentence. 29 MJ 845, 851 (1989).

The Acting Judge Advocate General of the Army requested this Court to review the following certified issues:

I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLEE OF RAPE.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLEE FOR ASSAULT AND BATTERY BECAUSE APPELLEE, WHEN HE GRABBED THE VICTIM'S BUTTON AND SHIRT, DID NOT TOUCH HER PERSON.

We hold that the Court of Military Review did not legally err in reversing the accused's rape conviction. *United States v. Short*, 4 USCMA 437, 442, 16 CMR 11, 16 (1954); *see Mills v. United States*, 164 U.S. 644, 17 S.Ct. 210, 41 L.Ed. 584 (1897). However, we hold it did commit legal error in modifying the specification of assault for which he was also found guilty. *See* Art. 128.

The facts found by the Court of Military Review as to the rape charge are fully stated in their opinion below. Basically, on June 14, 1988, the accused and Specialist

SLC finished their military duties and went out on the town. Specialist C consumed more than her normal limit of alcohol, and the accused returned with her to her hotel room. There, she periodically awoke from either her alcohol-induced unconsciousness or sleep to discover the accused fondling her breasts or being in a state of complete undress or undressing her, and finally preparing to engage in sexual intercourse with her.

According to Senior Judge DeFord:

She stated at this point that [the accused] had been very persistent, that he would continue to harass her, and that all she wanted was to go to sleep. She stated that she knew if he got what he wanted, he would "finally go to bed, leave her alone, leave, or whatever."

She permitted the [accused] to have sexual intercourse with her. She stated that when it was over she knew he would not bother her further and she fell back asleep. She then said she "passed out." She further testified, "I knew he'd leave me alone once he had sex with me and I knew he wouldn't leave me alone until he did." She indicated she permitted the act of sexual intercourse for this reason. She further stated she could not be mistaken about the operative facts concerning the incident because she was "very aware." [She] did not yell, scream, or attempt to leave the hotel room, nor did she get off the bed or otherwise attempt to get away from the [accused].

29 MJ at 848. On the basis of these facts, the court below concluded, *inter alia:*

In the case at bar, ... we find as a matter of fact and law that the testimony of S.L.C. does not establish the *corpus delicti* of the offense of rape.

\* \* \* \* \* \*

Her testimony does not establish that she was physically incapacitated, and although she felt some intoxication and was tired, our reading of the record persuades us that her degree of intoxication and fatigue was not so great that she could not have resisted and could have probably thwarted the [accused]'s

action had she been so inclined ... As a matter of law, the testimony of S.L.C. establishes nothing more than acquiescence to the act of sexual intercourse.

S.L.C.'s own testimony demonstrates that the act of sexual intercourse in the case at bar was not accomplished through force.

*Id.* at 849–51.

The accused was also charged with assault and battery, in violation of Article 128.[1]

The specification states that the accused

did, at or near Flensburg, Federal Republic of Germany, ... on or between about 31 May 1988 and 1 June 1988, unlawfully kiss Specialist [LKT] on the lips and unbutton a button on her blouse with his hand.

He was found guilty by exceptions and substitutions, so that the specification now alleges that the accused did at the time and place alleged

unlawfully kiss Specialist [LKT] on the lips and attempting to unbutton a button on her blouse with his hand.

This finding is supported by the evidence in the record.

The court below only affirmed findings of guilty which found that the accused "did ... unlawfully kiss Specialist [LKT] on the lips." Judge DeFord explained:

[The accused]'s attempt to unbutton a button on L.T.'s blouse may be evidence of his intent to commit an indecent assault, an offense not charged. In view of the fact that he did not touch her person but only her blouse and the button, we find that such act was not a battery and not part of the assault and battery committed upon her person as required by Article 128, UCMJ. We will

correct this error in our affirmance as set forth hereafter.

29 MJ at 849.

I

The certificate initially asserts that the Court of Military Review erred in finding the evidence of record was insufficient to support the accused's conviction for rape under Article 120. The more particular contention is that the court below incorrectly considered resistance by the victim to be an element of this offense and, therefore, erroneously set aside this conviction for failure to prove this unrequired element. *Cf. United States v. Watson,* 31 MJ 49 (CMA 1990). Such an argument we must reject, since we believe it misconstrues the true import of the holding of the court below.

We first note that the Court of Military Review reversed the accused's conviction on the basis of the legal and factual insufficiency of the evidence in this case. It said:

In testing for the legal sufficiency of the evidence of record, we must determine whether a rational fact finder could find the essential elements of the offense when the evidence of record is considered in the light most favorable to the prosecution. In testing for the factual sufficiency of the evidence, this court must weigh the evidence of record taking into consideration that we have not seen or heard the witnesses and determine whether the accused is guilty beyond a reasonable doubt of the offenses of which he has been convicted. *See United States v. Rath,* 27 MJ 600, 601 (ACMR 1988), *petition denied,* 29 MJ 284 (CMA 1989), and the cases cited therein; Article 66, UCMJ.

\* \* \* \* \* \*

With regard to the allegation of rape, the Government argues that the issue of sufficiency is no more than one of credibility. Credibility of witnesses becomes

---

1. § 928. Art. 128. Assault
 (a) Any person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of assault and shall be punished as a court-martial may direct.

a factor for consideration when a conflict exists between the testimony of two or more witnesses. In the case at bar, however, we find as a matter of fact and law that the testimony of S.L.C. does not establish the *corpus delicti* of the offense of rape.

\* \* \* \* \* \*

However, we decline to ... [find the accused guilty of a lesser-included offense] in this case for the reasons set forth in Judge Finklestein's concurring opinion in *United States v. Steele*, 43 CMR 845 (ACMR 1971). *While we know a rape was not committed in this case, we are also not satisfied beyond a reasonable doubt that the [accused]'s initial acts were committed without the consent of the victim.*

29 MJ at 849, 851 (emphasis added).

Clearly, failure to prove resistance was not the only concern of the court below. A reasonable inference can be drawn that it also was not convinced as a matter of fact on the element of consent, *i.e.,* that the purported victim did not consent to the act of sexual intercourse with the accused. In this light, neither the question of the legal status of resistance as a separate element of this offense nor the existence of constructive force by the accused would be necessarily controlling. Since we do not review the factual aspect of such a determination by the Court of Military Review, its reversal could be affirmed on this basis alone. Art. 67(d), UCMJ, 10 USC § 867(d).

■ In any event, the court below did not actually hold that resistance by the victim was an element of this offense under Article 120. Instead, it held that evidence of resistance by the victim, as well as other circumstances in the case, were relevant in determining, *inter alia,* whether the act of sexual intercourse was accomplished by force. It said:

The statutory element requires proof of lack of consent *and* force. Because the act of sexual intercourse is itself an element of the offense, the force required is more than that merely incidental to the

act of sexual intercourse. *Id.* Rather, this element contemplates an application of force to overcome the victim's will and capacity to resist. *See Coker v. Georgia,* 433 U.S. 584, 597, 97 S.Ct. 2861, 2868, 53 L.Ed.2d 982 (1977).

As a consequence, proof of resistance-or lack thereof-is highly significant in all rape cases where the victim has the capacity to resist. From evidence of resistance, the finder of fact may draw inferences as to the victim's state of mind on the factual issue of consent, *United States v. Williamson,* 24 MJ 32, 34 (CMA 1987), and the accused's state of mind regarding the affirmative defense of mistake of fact. *See, e.g., United States v. Carr,* 18 MJ 297, 299 (CMA 1984) (alleged victim offered no resistance and did not scream). *While resistance is tangentially probative of the issues of consent and mistake of fact, proof of resistance is central to finding the element of force.*

29 MJ at 850 (emphasis added). We have no disagreement as a matter of law with this legal conclusion. *See United States v. Watson, supra.*

More particularly, the legal foundation of the Court of Military Review's holding in this case was that force is an element of the offense of rape under Article 120. *See generally* R. Perkins and R. Boyce, *Criminal Law* (hereafter Perkins) 211–12 (3d ed. 1982). This legal conclusion is amply justified by the language of this statute which clearly provides for this element of proof. It states that "[a]ny person ... who commits an act of sexual intercourse with a female ... by force and without her consent, is guilty of rape." *See generally* Note, *Recent Statutory Developments in the Definition of Forcible Rape,* 61 Va. L. Rev. 1500, 1504 n.21 (1975). The court below also relied on the general rule in military law that "the act of penetration" itself will be sufficient force only where "there is no consent" or where the reasonable manifestation of this lack of consent by the victim is excused. *See United States v. Short, supra. See* para. 199, Manual for Courts–Martial, United States,

1951; para. 199, Manual for Courts–Martial, United States, 1969 (Revised edition); para. 45c(1)(b), Part IV, Manual for Courts–Martial, United States, 1984.

 These legal premises are amply reflected in the most recent Manual provision, which states:

(b) *Force and lack of consent.* Force and lack of consent are necessary to the offense. Thus, if the female consents to the act, it is not rape. The lack of consent required, however, is more than mere lack of acquiescence. If a woman in possession of her mental and physical faculties fails to make her lack of consent reasonably manifest by taking such measures of resistance as are called for by the circumstances, the inference may be drawn that she did consent. *Consent, however, may not be inferred if resistance would have been futile, where resistance is overcome by threats of death or great bodily harm, or where the female is unable to resist because of the lack of mental or physical faculties. In such a case there is no consent and the force involved in penetration will suffice.* All the surrounding circumstances are to be considered in determining whether a woman gave her consent, or whether she failed or ceased to resist only because of a reasonable fear of death or grievous bodily harm. If there is actual consent, although obtained by fraud, the act is not rape, but if to the accused's knowledge the woman is of unsound mind or unconscious to an extent rendering her incapable of giving consent, the act is rape. Likewise, the acquiescence of a child of such tender years that she is incapable of understanding the nature of the act is not consent.

Para. 45c(1)(b), Part IV, 1984 Manual, *supra* (emphasis added). The logical implication we draw from these legal principles is that, where there is no constructive force and the alleged victim is fully capable of resisting or manifesting her non-consent, more than the incidental force involved in penetration is required for conviction. *See*

*United States v. Short, supra* at 442, 16 CMR at 16, citing *Mills v. United States, supra.* The court below correctly drew this same conclusion.

Admittedly, this Manual explanation of the element of force in the crime of rape stops short of explaining what is sufficient force in the non-constructive force cases. This problem is not unique to military law. *See generally* B. Morosco, *The Prosecution and Defense of Sex Crimes* (hereafter Morosco) § 3.10[3][a] at 3–137 (1990). In any event, the court below further defined the requisite force in terms of the force necessary to overcome the victim's resistance. *See Coker v. Georgia, supra.* It then held that the persistent sexual overtures of the accused in this case were not alone enough to constitute the force required by this statute. In addition, it held that the absence of resistance by the victim in this case precluded a finding of force as intended in this statute.

 We agree that consideration of both the alleged attacker's and the alleged victim's conduct in assessing the sufficiency of the force is required by Article 120. *See Note, supra* at 1503; Morosco, *supra* at 3–138. Moreover, we find no legal error in the holding by the court below of insufficient force in this case to the extent that it is based on the totality of the circumstances evidenced in this record. *See also United States v. Henderson,* 4 USCMA 268, 273, 15 CMR 268, 273 (1954). However, we decline the invitation of the Government to extract from this opinion an inflexible rule establishing resistance as a necessary element of this offense. *See United States v. Watson, supra.* While portions of the opinion below may suggest exclusive concern with the victim's resistance, the decision as a whole belies such a narrow focus. *See generally United States v. Vangelisti,* 30 MJ 234, 240 (CMA 1990).

Finally, the court below expressly recognized that the theory of constructive force could satisfy the element of force required by Article 120. 29 MJ at 850. However, it found as a matter of fact that the alleged

victim was both physically and psychologically capable of resisting the accused's sexual advances. Also, it found as a matter of fact that the accused did not use threats of bodily harm and that circumstances were not otherwise such that resistance would be futile. *Id.* at 850–51. *Cf. United States v. Bradley,* 28 MJ 197 (CMA 1989). Applicability of this theory in the present case is not justified by the record, and we find no legal error in the rejection of it by the court below. Accordingly, the first certified question we answer in the negative.

## II

■ The original assault charge against the accused contained an allegation that he unbuttoned a button on the blouse of the victim. However, the judge found him guilty, *inter alia,* of only attempting to unbutton a button on her blouse. The Court of Military Review found as a fact that he touched her blouse and the button but not her person or body. Nevertheless, it further concluded that such a touching "was not a battery and not part of the assault and battery" as prohibited by Article 128. 29 MJ at 849. Accordingly, it excised the attempt language from the assault specification of which the accused was found guilty. *Id.* at 851.

Legal error occurred when the court below held that this touching was not a battery. In this regard, we note that no authority was cited by that court for its broad pronouncement. Moreover, it conflicts with well established views on the scope of this offense as expressed by criminal law experts. *See* Perkins, *supra* at 154; W. LaFave and A. Scott, *Substantive Criminal Law* § 714 at 300 (1986). Lastly, it is inconsistent with the Manual's explanation of this type of conduct. The Manual provides that the force involved in a battery may be "indirectly applied" (*see* para. 54c(2)(b), Part IV, 1984 Manual, *supra*) and that a battery occurs when clothing is torn but the person or body is not touched (*see* para. 54c(2)(c)). Since the occurrence of a battery in this context is a sentencing concern, at least where non-grievous bodily harm is involved, this last explanation is dispositive. *See United States v. Scranton,* 30 MJ 322 (CMA 1990). *See generally* Art. 56, UCMJ, 10 USC § 856.

■ We finally note that simple assault as proscribed by Article 128(a) does not require a touching or a battery of any kind for conviction. This is quite clear from the face of this statute. *Cf.* Art. 128(b).[2] Although the Court of Military Review was free as a matter of fact to find that no touching of the victim's person had occurred, it did not come to this conclusion. However, it was not free to narrow Article 128(a) to require such a touching for conviction. Accordingly, the court below erred in excising the attempt-to-unbutton language from this assault specification, so the second certified question must be answered in the affirmative. Since the court's action in striking this language was made as a matter of law after deciding that the language was factually proven (29 MJ at 849— "In view of the fact that he did not touch her person but only her blouse and the button"), we can construe its affirmance of part of the assault specification as now extending to the erroneously stricken language.

The decision of the United States Army Court of Military Review is reversed to the extent that it strikes the words "attempting to unbutton a button on her blouse with his hand" from the specification of Additional Charge I. That language is restored to the specification. The decision dismissing Charge I and its specification; affirming the remaining findings of guilty including the restored language; and ordering a rehearing on sentence is affirmed. The record of trial is returned to the Judge Advocate General of the Army for refer-

2. (b) Any person subject to this chapter who—
(1) commits an assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm; or
(2) commits an assault and intentionally inflicts grievous bodily harm with or without a weapon; is guilty of aggravated assault and shall be punished as a court-martial may direct.

ence to a convening authority for a rehearing on sentence.

Chief Judge EVERETT and Judge COX concur.