BAKER, Judge
(concurring):
In United States v. Wray, 17 M.J. 375 (C.M.A.1984), members convicted the appellant by exceptions and substitutions changing both the date and the amount of the larceny. The Court concluded that this changed the identity of the offense. Therefore, the Court was not prepared to “uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial____” 7<iat 376. The Court dismissed the charge and its specification “without prejudice to another trial being held on the proper charge.” Id.
*70 In this case, the Court dismisses Charge II and its specification because through the members’ exceptions and substitutions, “Appellant’s conviction is predicated upon a different incident than the one originally alleged in the specification.” 58 M.J. 67. However, the Court does not expressly state, as in Wray, that another trial may be held on “a” or “the” proper charge, or alternatively distinguish the outcome-in Wray from this case so as to preclude retrial on a proper charge.
In my view, this silence should not be interpreted as overruling the result in Wray or the general proposition on which it is based. Reversal of a conviction does not prevent retrial for the same offense unless the reversal is based on insufficiency of the evidence. Montana v. Hall, 481 U.S. 400, 402-03, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987)(per curiam); United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).*

The Supreme Court in Montana v. Hall, 481 U.S. 400, 402-03, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987)(per curiam), stated:
It is a “venerable principl[e] of double jeopardy jurisprudence” that “the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), poses no bar to further prosecution on- the same charge.” United States v. Scott, 437 U.S. 82, 90-91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). See generally 3 W. LaFave & J. Israel, Criminal Procedure § 24.4 (1984). Justice Harlan explained the basis for this rule:
"Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants’ rights as well as society’s interest.” United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).
See Burks v. United States, supra, at 15, 98 S.Ct. 2141.