# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 COREY P. HASSELL**
**United States Army, Appellant**

ARMY 20110634

Headquarters, Fort Riley
Jacqueline Emanuel, Military Judge
Colonel Michael L. Smidt, Staff Judge Advocate (pretrial)
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate (post-trial)

For Appellant: Major Jacob D. Bashore, JA; Captain John L. Schriver, JA.

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

13 June 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curium:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of three specifications of unauthorized absence, five specifications of wrongful use of a controlled substance, two specifications of larceny, and one specification of forgery in violation of Articles 86, 112a, 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, 921 and 923 (2008) [hereinafter UCMJ], respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and also credited appellant with 67 days of confinement against his sentence to confinement.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises no assignments of error. We have considered the record of trial and find an insufficient factual predicate to support the finding of guilty of Specification 2 of Charge III, larceny of funds of a value greater than $500.00, the property of DM.

**BACKGROUND**

Appellant stole a Chase MasterCard debit card (debit card) belonging to DM from the mail room where appellant worked.  Appellant used the debit card to make 18 unauthorized and mostly unspecified purchases at multiple businesses in and around Fort Riley, Kansas, between on or about 12 November 2009 to on or about 23 November 2009.  Appellant was thereafter charged with, pled guilty to, and found guilty of both stealing DM's debit card and stealing funds of a value greater than $500 from DM.

**LAW AND DISCUSSION**

Article 45, UCMJ  requires the plea to be rejected if the accused sets up "matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect…" A military judge must both explain the elements of an offense and elicit a factual basis to support each element of the offense.  *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996); *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).  "We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo.  In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

"Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense. Such use to obtain goods is usually a larceny of those goods from the merchant offering them."  *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 46.c.(1)(h)(vi) (emphasis added).  *See United States v. Lubasky*, 68 M.J. 260, 263 (C.A.A.F. 2009) (The unauthorized use of credit cards to obtain cash advances and goods did not constitute a larceny from the person named on the card).  However, ". . . alternative charging theories remain available if warranted by the facts." *Id.* at 264, citing Drafters' Analysis, *MCM* at A23-15.  Proper instructions on the larceny theories of taking, obtaining, or withholding are required. *United States v. Antonelli*, 35 M.J. 122 (C.M.A. 1992).  *See United States v. Wray*, 17 M.J. 375, (C.M.A. 1984) (conviction under a wrongful-withholding theory of larceny cannot stand where the government's case was based on a wrongful-taking theory of larceny).

The military judge advised the appellant of the elements and definitions of larceny by wrongfully taking money from DM.[1]  However, the military judge failed to elicit sufficient facts from appellant, and the stipulation of fact does not contain

---

[1]  "Took" was defined by the military judge as "any actual or constructive moving, carrying, leading, riding, or driving away of another's personal property."

sufficient facts to establish appellant wrongfully took property, that is funds belonging to DM, from the possession of DM.[2]  Furthermore, the military judge did not advise or discuss the elements and definitions of a larceny by wrongful obtaining and the record does not demonstrate the appellant knew or understood the elements of larceny by wrongful obtaining.

## CONCLUSION

The finding of guilty of Specification 2 of Charge III is set aside. The remaining findings of guilty are affirmed.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2]  We also find an insufficient factual basis to support the finding that the value of the funds was greater than $500.00 for purposes of sentence enhancement.  The $900.00 discussed was an aggregate of multiple transactions with no factual basis as to the specific timing or amount taken at each transaction.  *See U.S. v. Harding*, 61 M.J. 526 (Army Ct. Crim. App. 2005).