**UNITED STATES**

v.

**Rudy L. ROBERTS, 434 02 4896, Missile Technician Second Class (E–5), U.S. Navy.**

**NMCM 90 2979.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 18 June 1990.

Decided 10 Sept. 1991.

LT Ruth M. Medeiros, JAGC, USNR, Appellate Defense Counsel.

CDR Howard Cohen, JAGC, USNR–R, Appellate Defense Counsel.

LT Ralph G. Stiehm, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, FREYER and HOLDER, JJ.

FREYER, Judge:

The appellant, who at all relevant times has been lawfully married to, but living physically apart from, his spouse, without a legal separation, stands convicted of attempted wrongful appropriation of the difference between basic allowance for quarters (BAQ) at the single rate and BAQ at

the "with dependents" rate for having received BAQ at the latter rate while providing no support to his "dependent" wife.

The military judge determined that the appellant had properly listed his lawful wife as a "dependent" in his naval records and ruled that, under the statutory and regulatory scheme in effect, as interpreted in *United States v. Allen*, 27 M.J. 234 (C.M.A.1988), he was entitled to receive and to retain BAQ at the "with dependents" rate until such time as the Navy, after affording him administrative due process, determined that he was not supporting his dependent spouse, at which time the Navy became entitled to cease payments of BAQ at the "with dependents" rate and to recover the excess of previous payments of BAQ at the "with dependents" rate over the single rate for past periods of non-support. In a memorandum explaining his decision, the military judge wrote:

> When a service member is legally married, he is entitled to appropriate BAQ with dependents (after this, BAQ–D). 37 USCS Section 403, DODPM 30221 [footnote omitted]. This entitlement results from the status of the service member's spouse, not from the amount of contribution. *See United States v. Allen*, 27 M.J. 234 (C.M.A.1988).
>
> Military laws and regulations well recognize that the obligation to support a spouse arises from state law. DODPM 30221 et seq.; 32 C.F.R. 733. Per DODPM Sections 30236a and b, failure to support results in nonentitlement to BAQ and recoupment for periods of non-support, but such determination may only follow an administrative due process. Failure to support may also result in administrative discharge. MILPERS-MAN 6210120.
>
> Thus, the accused received the amounts alleged as a statutory entitlement. The subsequent mis- or mal-application of the funds is a matter for state or administrative law until the UCMJ makes non-support of dependents an offense.

■ In the military judge's view, which seems reasonable to us, the appellant's receipt of BAQ at the "with dependents" rate was distinguishable from one Jones' receipt of military pay as an absentee without leave, *see United States v. Jones*, 26 M.J. 1009 (A.C.M.R.1988), inasmuch as an absentee without leave is not legally entitled to receive military pay in the first place. *See also United States v. Meeks*, 32 M.J. 1033 (A.F.C.M.R.1991). Consequently, he found that the appellant was not guilty of either the charged larceny or of the included wrongful appropriation; but, lest the appellant be acquitted altogether, the military judge invoked the rule announced in *United States v. Thomas*, 13 U.S.C.M.A. 278, 32 C.M.R. 278 (1962), against recognizing factual or legal impossibility as a defense to attempts; and, having determined to his own satisfaction that the appellant had believed that his receipt and retention of the excess allowances were wrongful, the military judge found him guilty of attempted wrongful appropriation and, notwithstanding his 15 years of honorable service, sentenced him to a bad-conduct discharge.

■ The appellant contends that the military judge misapplied the *Thomas* rule to this case, and we agree. *Thomas* holds that, even though it was factually or legally impossible for an accused to commit an offense under the circumstances as they actually were, the accused may, nevertheless, be convicted of an attempt if he would be guilty of a completed crime, had the circumstances been as he believed them to be. But, where the accused's mistake relates, not to the *circumstances* of the supposed offense, but only to its *wrongfulness or criminality*, there can be no attempt, for to impose criminal liability for attempts in such cases would be tantamount to inventing new crimes. *See Thomas*, 13 U.S.C.M.A. at 291, 32 C.M.R. at 291.

■ In this case, the appellant unmistakenly knew that he was lawfully married; that he was living physically separate and apart from his spouse without a legal separation; that he was receiving BAQ at the "with dependents" rate; and that he was not using any of that money to support the dependent on account of whom he was receiving it. Thus, there was no mistake

as to the "circumstances"; the appellant's only mistake was his supposed belief in the wrongfulness or criminality of his conduct. These facts do not support a conviction for an attempt.

We note that the result reached in this case is entirely consistent with the rationale of Judge Cox' separate opinion in *United States v. Allen,* wherein the accused apparently was mistaken as to the validity of his divorce decree and, hence, as to the existence of his marriage, those being "circumstances" (distinct from the wrongfulness or criminality of his conduct) which caused his conduct to be legal because, and only because, they were not as he believed them to be.

The findings of guilty and the sentence are set aside, and Charge II is dismissed. All rights, privileges, and property of which the appellant has been deprived by virtue of the findings and sentence set aside herein shall be restored.

Senior Judge MITCHELL and Judge HOLDER concur.