**UNITED STATES**

v.

**Staff Sergeant Jeffie EVANS, FR391–58–1835 United States Air Force.**

**ACM S28408.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Sept. 1990.

Decided 27 April 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr. and Lieutenant Colonel Brenda J. Hollis.

Before LEONARD, RIVES, and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

This case involves two novel questions. First, may a military judge, by exceptions and substitutions, find an accused guilty of signing a false official record at variance with the terms of the record the accused originally signed? Second, may an accused be convicted of stealing his with-dependents rate basic allowance for quarters (BAQ) entitlement from his wife because he does not pay her support? We answer "no" to both questions and set aside appellant's convictions and sentence.

A military judge, sitting as a special court-martial, convicted appellant of signing a false official record with the intent to deceive and of larceny of BAQ from his wife. The adjudged and approved sentence consists of a bad-conduct discharge, confinement for 4 months, and reduction to E–1.

### False Official Record

■ On 15 May 1989, appellant signed an Air Force Form 987, RECERTIFICATION OF BASIC ALLOWANCE FOR QUARTERS (BAQ) (*see* appendix). He checked the block on the form that certified the following preprinted statement:

I certify that I provided adequate support for my dependents for the last two years to present, and neither my dependents nor I occupied government quarters during the same period.

The evidence presented at trial showed that appellant married his wife 13 December 1983 and they separated in April 1986 while appellant was assigned to the Philippines. On 28 April 1986, appellant and his wife signed a separation agreement that required appellant to pay his wife "spousal support and maintenance" of $310 per month until 31 May 1987. No children resulted from the marriage and the parties' agreement provided for no other support or property settlement payments. Shortly after the separation, appellant's wife moved to her mother's home in Florida.

Appellant initially neglected his support obligation under the agreement but ultimately paid his wife the full amount before the expiration of the agreement's term. Thereafter, from June 1987 through January 1989, appellant paid his wife $101.40 per month. For most of that period, $101.40 represented the difference between appellant's with-dependents BAQ entitlement and his BAQ without-dependents rate. After January 1989, he paid her no support. Appellant's wife never complained about lack of support nor obtained another separation agreement, divorce decree, or any court order for appellant to pay her support.

The specification of appellant's false official record charge alleged the following:

In that STAFF SERGEANT JEFFIE EVANS, United States Air Force, 831st Medical Group, did, at George AFB, California, on or about 15 May 1989, with intent to deceive, sign an official record, to wit: an AF Form 987, Recertification of Basic Allowance for Quarters, which record, was totally false in that he had not provided adequate support for his dependents for the previous two years, and was then known by the said SSgt Evans to be so false.

After hearing the evidence, the military judge found appellant:

GUILTY, except the words, "totally false in that he not provided adequate support for his dependents for the two previous years" substituting therefore the words, "false in that Staff Sergeant Jeffie Evans did not provide adequate support for Agness L. Evans who was his dependent wife during the months of February 1989, March 1989, April 1989 and May 1989." To the excepted words, NOT GUILTY; to the substituted words, GUILTY; and to Charge I, GUILTY.

We find the military judge improperly entered findings of guilt by exceptions and substitutions to an offense that substantially varied from the offense alleged against appellant.

■ Findings by exceptions and substitutions are permitted in courts-martial. R.C.M. 918(a)(1). However, such findings may not substantially change the nature of the charged offense. *United States v. Wray*, 17 M.J. 375, 376 (C.M.A.1984); R.C.M. 918(a)(1). Convicting an accused of a crime substantially different from that alleged results in violation of the most basic notions of due process. *Dunn v. United States*, 442 U.S. 100, 106, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743, 748 (1979); *Wray*, 17 M.J. at 376. An accused has a constitutional right to be heard on the specific charge of which he is accused. *Dunn*, 442 U.S. at 106, 99 S.Ct. at 2194; *Wray*, 17 M.J. at 376.

■ Substituted findings that represent a minor variance with the terms of an allegation of making a false official statement will not be fatal if the variance did

not mislead the accused or affect his ability to defend against the charge. *United States v. Reed,* 9 C.M.R. 269 (A.B.R.), *pet. denied,* 9 C.M.R. 139 (1952). In *Reed,* a court-martial convicted Major Reed of submitting a false travel itinerary reflecting a visit to a recruiting detachment in Beaumont, Texas. The itinerary served as justification to collect travel payments for an overnight visit to Beaumont. The specification alleging Reed's offense alleged the itinerary was false in that Reed had not travelled "from Lufkin to Nacogdoches on 19 December 1951, nor did he travel from Nacogdoches to Beaumont on 20 December 1951." Court members found Reed guilty of not travelling "to Beaumont on 20 December 1951, and from Beaumont to Houston, 21 December 1951." On appeal, Reed claimed the court members findings varied so significantly with the charged offense that he was denied due process. The Board of Review disagreed. They found the fundamental nature of Reed's offense to be a false statement of travel to Beaumont on 20 December 1951 and that the actual claimed route was not significant. The Board. held the members' findings were consistent with the fundamental nature of the charged offense and Reed was not misled or impaired in preparing or presenting a defense to the offense described in the guilty finding by exceptions and substitutions.

Appellant's case presents a different situation. The heart or fundamental nature of his offense consists of an alleged false certification of specific words contained on a preprinted form supplied by the government. The falsity of this alleged official record depended upon appellant's failure to provide adequate support for his dependents over the two previous years. Appellant's guilt of this offense depended on proof of appellant's specific intent to deceive and his knowledge of the falsity of the official record. MCM, Part IV, paragraph 31b(3), (4) (1984).

Appellant's defense to the charged offense relied on his belief that sending his wife over $100 per month for 21 of 24 months would constitute "adequate support." If appellant thought this support adequate, he would possess neither the required knowledge nor the intent to be guilty of the offense. Therefore, appellant specifically defended against the offense as originally alleged by directly challenging the falsity of the certification and the proof of his criminal intent. Considering appellant had no military pay expertise and no definite support obligation for his wife, this amounted to a very reasonable defense. However, rather than determining appellant's guilt of the offense as charged, the military judge sidestepped appellant's defense and found him guilty of signing an official record that was false because appellant had not provided adequate support to his wife for four months. By doing so, he found appellant guilty of an offense substantially different in nature than the offense originally charged and one for which appellant had no fair opportunity to prepare or present a defense.

We find the military judge's findings of guilt by exceptions and substitutions denied appellant due process on the false official record charge and that his conviction of that offense must be set aside.

### Larceny of BAQ

■ In an interesting approach to larceny, the government charged appellant with stealing his BAQ from his wife.[1] To prove this offense the government produced the testimony of appellant's wife and Staff Sergeant Scheel, a prior Chief of Military Pay at George Air Force Base. Mrs. Evans testified appellant paid her no support after January 1989. Sergeant Scheel testified appellant's pay records showed that he had received BAQ at the with-dependents rate during the period February 1989 through May 1990. Scheel also testified appellant's entitlement to with dependent BAQ required that he provide support for his dependents and, if he had not provided such

---

1. The specification of Charge II alleged: In that STAFF SERGEANT JEFFIE EVANS, United States Air Force, 831st Medical Group, did, at Clark AB, Philippines, and George AFB, California, between on or about 1 February 1989 and on or about 1 June 1990, steal about $1700 in basic allowance for quarters entitlement, the property of Agness Evans.

support, he would have been overpaid approximately $1700 for the period February 1989 through May 1990. Scheel relied on provisions from the Department of Defense Pay Manual (DODPM) to support this conclusion and trial counsel introduced an excerpt of the pertinent provisions of the DODPM as a prosecution exhibit. When asked whether the BAQ entitlement belonged to appellant's dependents, Scheel replied:

It's to help for the cost of supporting them, so I wouldn't say—it's his; it's not theirs; it's for their support.

On cross-examination, Scheel testified that, when the government determines a military member is collecting BAQ with-dependents but not supporting dependents, the government recoups the overpayment of BAQ. The government pays none of the recouped funds to the dependents unless the spouse presents a civil court order to garnish the military member's wages.

The government argued that appellant stole the BAQ funds by wrongfully withholding them from Agness Evans. Trial counsel maintained Mrs. Evans had a greater possessory right to the portion of the BAQ attributable to the with-dependents rate than appellant. Before us, the government argues the same theory.

At trial and before us, appellant maintained the position that his wife had no possessory interest in his BAQ entitlement. He argues, at the most, she was a creditor to whom he may have owed past due support.

We agree with appellant. No possessory or other ownership right to appellant's BAQ existed for appellant's wife.

After the expiration of their separation agreement, appellant's wife never obtained a divorce, legal separation, or any court order entitling her to any support from him. Further, she never complained to anyone in the Air Force about appellant's failure to support her. The government tries to use a provision of the DODPM to create an obligation of support and possessory right for appellant's wife. However, it is clear from the manual and the testimony of Sergeant Scheel that all the DODPM does is establish an administrative standard for determining whether the military member is entitled to BAQ at the with-dependents rate.

BAQ is an allowance entitlement of the military member to reimburse the member for the expenses of providing quarters for themselves and their dependents when government quarters are not furnished. *Hollister v. United States*, 92 Ct.Cl. 137 (1941); DODPM § 30236b. Although an enlisted military member may make voluntary allotments from his pay and allowances, no assignments of pay or allowances may be made. 37 U.S.C. § 701(c); *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The only time a dependent or former dependent of a military member may be directly paid a portion of the member's pay without the member's consent is pursuant to a legal process for enforcement of child support or alimony. *See* 42 U.S.C. §§ 659–662.

A legally married service member is entitled to the with-dependents rate BAQ. 37 U.S.C. § 403; DODPM §§ 30221, 30232. Initially this entitlement results from the status of being lawfully married and no proof is required of any amount of support or contribution towards the spouse's support. DODPM §§ 30232, 30236a; *see also United States v. Allen*, 27 M.J. 234 (C.M.A. 1988); *United States v. Roberts*, 33 M.J. 819 (N.M.C.M.R.1991). However, when the government receives evidence or complaints of nonsupport, the member may be required to provide proof of support to continue the entitlement. DODPM § 30236a. When no court order or separation agreement establishes a specified amount of support, the member must prove support of at least the amount of the difference between the with and without-dependents rate of BAQ applicable for the member's pay grade. DODPM § 30236e. If the member refuses or does not provide the requested proof, the entitlement terminates and the government will recoup BAQ payments for any period of nonsupport. DODPM §§ 30236a, 30236c.

To obtain a conviction for larceny, the government must prove the property taken

was the property of another and that the accused wrongfully took, obtained, or withheld certain property from the possession of that person. MCM, Part IV, paragraph 46b(1) (1984); C. Torcia, WHARTON'S CRIMINAL LAW, sec. 393 (14th Ed.1980). A thief can steal property from the possession of the owner or any other person. MCM, Part IV, paragraph 46c(1)(c)(i) (1984). A larceny victim "owner" or "any other person" may be any person who has possession of the property or a superior right of possession over the accused. MCM, Part IV, paragraph 46c(1)(c)(ii), (iii) (1984). The government may allege the theft of property from any person who at the time of the theft was a general or special owner of the property. MCM, Part IV, paragraph 46c(1)(c)(ii) (1984). A general owner is a person who has title to the property, whether or not that person has possession of the property. MCM, Part IV, paragraph 46c(1)(c)(iii) (1984). A special owner is a person, such as a borrower or hirer, who has possession or the right of possession, but not title to the property. *Id.* The relationship of debtor and creditor gives the creditor no possessory right in any specific money or other property of the debtor. *United States v. Mervine,* 26 M.J. 482, 484 (C.M.A.1988); MCM, Part IV, paragraph 46c(1)(b) (1984).

The government presented no proof that appellant's wife ever possessed the BAQ alleged to have been stolen. Further, we find no proof that any special or general ownership right in appellant's military pay allowances existed for appellant's wife. In fact, the government's own military pay witness admitted as much in her testimony concerning appellant's entitlement to BAQ when she stated: "it's his; it's not theirs; it's for their support." Additionally, she testified that none of any overpayment would be paid to appellant's wife, but that it would be recouped by the government. The statutory entitlement and DODPM support her testimony. If the government wanted to prove appellant stole BAQ in excess of his entitlement, they should have charged him with stealing the BAQ from the government and proved a theft through obtaining by false pretense. *See United States v. Dean,* 33 M.J. 505, 511 (A.F.C.M.R.1991). With proof of the required elements of ownership absent, the government failed, as a matter of law, to prove appellant stole BAQ from his wife.

Appellant's convictions and sentence are set aside. A new trial may be ordered.

Judges RIVES and JAMES concur.

# APPENDIX

---

**RECERTIFICATION OF BASIC ALLOWANCE FOR QUARTERS (BAQ) -- VARIABLE/RENT PLUS HOUSING ALLOWANCE (VHA/RPHA)**
*(This form is subject to the Privacy Act of 1974 - See Reverse)*

AFM 177-373, volume I, requires that military members recertify BAQ, VHA, and RPHA. Please complete the recertification at the bottom and reverse of this form and return it to the Accounting and Finance Office (AFO) no later than the end of next month. Failure to recertify will result in stopping of BAQ/VHA/RPHA and a possible retroactive collection. If you have any questions, or are unsure of how to complete the form, you should visit your local AFO who will assist you. Thank you for your cooperation.

**RECERTIFICATION OF DEPENDENTS/SHARERS** *(Continue on reverse)*

☒ I certify that I provided adequate support for my dependents for the last two years/since arrival on station *(line one out)* to present, and neither my dependents nor I occupied government quarters during the same period.

☐ For divorced or legally separated claiming with dependent rate BAQ on behalf of a dependent not residing with member: I certify that the monthly amount of dependent support I have provided since _____ *(year - month)* pursuant to a court order, legal separation agreement, or other formal agreement with my former spouse is $ _____.

☐ For overseas VHA - I certify that I do/do not *(line one out)* have dependents residing in the local area.

☐ For rent plus - I certify the following statements to be true as indicated:
  ☐ My rent currently being paid has/has not *(line one out)* changed since my present tour of assignment began.
  ☐ My rental lease is effective _____ *(YYMMDD)* and expires _____. Rental address is _____. The amount *(stated in currency paid)* of my current rent is _____, being paid in _____ *(state currency)*, and utilities are/are not *(line one out)* included in my rent. I am/am not *(line one out)* sharing rent with anyone other than my immediate family. If yes, how many others? _____. Landlord's name, address and telephone number is _____.

*I will immediately report any changes to Housing that might affect my VHA/RPHA, and to the AFO and CBPO on status of dependents claimed on reverse of this form, such as divorce, child support, marriage, death, living in government quarters, enlistment in the military service, etc. I certify that the information given regarding this recertification is correct.*
*IMPORTANT: Making a false statement or claim against the US Government is punishable by court martial. The penalty for willfully making a false claim or a false statement in connection with a claim is a maximum fine of $10,000 or imprisonment for 5 years, or both.*

| DATE | SIGNATURE | SOCIAL SECURITY NUMBER |
|---|---|---|
| 15 May 89 | Jollie Evans | 391581835 |

AF FORM 987, Nov 84     PREVIOUS EDITION IS OBSOLETE

---

## PRIVACY ACT STATEMENT

*AUTHORITY: 37 U.S.C. 403, E.O. 9397, Nov 1943.*

*PRINCIPAL PURPOSE(S): To recertify, adjust or terminate military member's entitlement to basic allowance for quarters.*

*ROUTINE USES: To adjust member's military pay record. Information may be disclosed to AF components such as AFAFC, Major Commands, and other AF Installations; to other DOD Components such as Army and Navy, other Federal Agencies such as IRS, Social Security Administration and VA, GAO, Members of Congress, State and Local Governments, US and State Courts and various law enforcement agencies. SSN is used for positive identification.*

*DISCLOSURE IS VOLUNTARY: Nondisclosure may result in termination of your basic allowance for quarters. Disclosure of your SSN is voluntary, but this form will not be processed without it since the Air Force identifies you by your SSN.*

**DEPENDENTS/SHARERS**

| NAME OF DEPENDENT/SHARER | COMPLETE CURRENT ADDRESS *(Include ZIP code)* | RELATIONSHIP | DOB OF CHILDREN |
|---|---|---|---|
| Agnes L. Evans | 167 9th St Apalachicola, FL 32320 | Wife | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*(Reverse of AF FORM 987, Nov 84)*     ☆ U.S.G.PO 1984 -460-983/23271

---

Misc. Nos. 91–05A, 91–05B.

U.S. Air Force Court of Military Review.