**UNITED STATES, Appellant,**

v.

**Jeffie EVANS, Staff Sergeant
U.S. Air Force, Appellee.**

No. 68,154.
CMR No. S28408.

U.S. Court of Military Appeals.

Argued Feb. 1, 1993.

Decided Sept. 20, 1993.

For the United States: *Captain Jane M.E. Peterson* (argued); *Lieutenant Colonel Brenda J. Hollis* and *Captain James C. Sinwell* (on brief); *Lieutenant Colonel Jeffery T. Infelise.*

For Staff Sergeant Evans: *Colonel Terry J. Woodhouse* (argued); *Major Mary C. Yastishock, Captain George F. May* (on brief); *Captain David D. Jividen.*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of signing a false official record and larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 USC §§ 907 and 921, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 4 months, and reduction to the lowest enlisted grade. The Court of Military Review set aside the findings and sentence. 34 MJ 1051, 1055 (1992). That court held that the military judge's findings by exceptions and substitutions with respect to signing a false official record violated due process by substantially changing the nature of the charged offense. *Id.* at 1052–53. That court further held that, with respect to the larceny, the Government failed to prove that appellant's wife, the alleged victim, had any possessory or ownership right in the Basic Allowance for Quarters which appellant was alleged to have stolen. 34 MJ at 1054–55. Thereafter, the Judge Advocate General of the Air Force certified the following questions for our review:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN IT HELD AS A MATTER OF LAW THAT APPELLEE COULD NOT BE FOUND GUILTY BY EXCEPTIONS AND SUBSTITUTIONS OF SIGNING A FALSE OFFICIAL RECORD UNDER ARTICLE 107, UCMJ.

II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN IT RULED THAT THE GOVERNMENT HAD FAILED AS A MATTER OF LAW TO PROVE THAT APPELLEE HAD STOLEN BASIC ALLOWANCE FOR QUARTERS (BAQ) FROM HIS WIFE.

We answer the certified questions in the negative and uphold the decision of the Court of Military Review, except for the part of its decision authorizing a "new trial."

I. *Factual Background*

A. The Prosecution's Case

On or about May 15, 1989, Sergeant Evans was required to recertify his entitlement to Basic Allowance for Quarters (BAQ) at the "with-dependents" rate. He signed a certificate as follows:

I certify that I provided adequate support for my dependents for the last two years to present, and neither my dependents nor I occupied government quarters during the same period.

Sergeant Evans was charged with signing a false recertification "which record was totally false in that he had not provided adequate support for his dependents for the previous two years, and was then known by [Sergeant Evans] to be so false." In his opening statement the assistant trial counsel set out the prosecution's theory of the case: that the recertification was false and known by Sergeant Evans to be false "because for the prior three and a half months he had not provided any support, zero dollars to Agnes Evans."

Sergeant Evans and his wife had separated in April 1986 and executed a separation agreement which obligated Sergeant Evans to pay her $310.00 per month until May 31, 1987. His pay records reflect that he started an allotment of $310.00 for his wife in August 1986 but then stopped the allotment after one payment was made. In November 1986 he started and then cancelled a $200.00 allotment before any payments were made. Also in November 1986 he started an allotment of $350.00 for his wife, which remained in effect until he stopped it in June 1987. In April 1988 he started an allotment of $101.40, which he stopped in January 1989.

The prosecution also presented six checks sent by Sergeant Evans to his wife in the amount and on the dates indicated as follows:

| | |
|---|---|
| July 1, 1987 | $101.40 |
| (dishonored for insufficient funds) | |
| September 1, 1987 | $193.00 |
| October 1, 1987 | $101.40 |
| November 1, 1987 | $101.40 |
| January 1, 1988 | $101.40 |
| February 1, 1988 | $101.40 |

The prosecution relied primarily on Sergeant Evans' pay records, expert testimony interpreting those records, and the testimony of Mrs. Evans. On the question whether Sergeant Evans provided "adequate" support to his wife, Staff Sergeant (SSgt) Scheel, the finance expert, testified that Sergeant Evans was required by the Department of Defense Pay Manual (DODPM) to "at least provide the difference between the single and dependent rate BAQ." An extract of the DODPM was received in evidence. As proof of Sergeant Evans' knowledge of what was considered "adequate," the prosecution produced evidence that Sergeant Evans' support allotment and several support checks before the allotment was started were in the exact amount ($101.40) of the difference between the rates for BAQ with dependents and without dependents.

In his closing argument trial counsel again focused on the 3 months immediately preceding the recertification. He argued:

And the Air Force Form 987, the Recertification, has been entered into the record, and there's been evidence to show that she was not receiving it for that period of three and a half months. So therefore, he was not supporting his dependents, and therefore, that element is supported. Now, granted, he had paid some over that period, over the past two years, but looking at the starts and the stops and the starts, and then finally the stop, at the time of the recertification he knew that nothing was being paid at that time.

### B. The Defense's Case

By cross-examination during the prosecution's case, the defense established that Mrs. Evans had given conflicting reports regarding Sergeant Evans' payment record. She had first alleged that Sergeant Evans had stopped making support payments in May 1987, then changed that date to August 1988, and finally at trial testified that she received no support payments after January 1989.

The defense's opening statement made repeated references to Mrs. Evans' faulty recollection and contradictory statements. The defense presented no evidence on the merits, except for two inconsistent statements from Mrs. Evans.

The defense closing argument was twofold: First, they continued the attack on Mrs. Evans' credibility. Second, they argued:

The intent, the deception, that has not been shown beyond any reasonable doubt in this case. And on the contrary, sir, what you have shown or what has been shown here today is not a series of non-payments to Mrs. Evans, but rather a series of payments toward her, clearly indicating that he was meeting his obligation. From May 1987 there's evidence up until early 89 that payments were made.

The defense conceded that Sergeant Evans made no support payments after "early 89" but argued that he reasonably believed that he had provided "adequate support" during the 2–year period covered by the recertification.

### C. The Findings

Thereafter, the military judge found Sergeant Evans guilty except for the words, "totally false in that he had not provided adequate support for his dependents for the two previous years" and substituted the words, "false in that Staff Sergeant

Jeffie Evans did not provide adequate support for Agnes L. Evans who was his dependent wife during the months of February 1989, March 1989, April 1989, and May 1989."

The Court of Military Review held that the military judge found Sergeant Evans guilty of "an offense that substantially varied from the offense alleged against" Sergeant Evans. 34 MJ at 1052. We agree and uphold the decision of the Court of Military Review in this respect.

## II. *Discussion*

### A. False Official Statement

██ The elements of this offense are: "(1) That [Sergeant Evans] signed a certain official document or made a certain official statement; (2) That the document or statement was false in certain particulars; (3) That [Sergeant Evans] knew it to be false at the time of signing it or making it; and (4) That the false document or statement was made with the intent to deceive." Para. 31b, Part IV, Manual for Courts–Martial, United States, 1984. The "certain particulars" alleged in this case were that Sergeant Evans "had not provided adequate support for his dependents for the previous two years."

The defense argued that Sergeant Evans' irregular pattern of support payments over the entire 2–year period constituted "adequate support" in his mind, thereby negating the element of "intent to deceive." The defense theory was that Sergeant Evans' recertification was truthful if he provided support, in the aggregate, that he reasonably believed was "adequate" for the entire 2–year period. On the other hand, the prosecution's theory was that Sergeant Evans' certification was false because he knew what constituted "adequate support" but had provided no support for the 3 months preceding his recertification.

██ Article 107 "does not expressly delineate the standard under which an official statement might properly be found false." *United States v. Allen*, 27 MJ 234, 237 (CMA 1988). Determination of falsity must be made with reference to the specific language alleged to be false and the context in which it was made. *Id.* The prose-

cution has the "burden of 'negativ[ing] any reasonable interpretation that would make [Sergeant Evans'] statement factually correct.'" *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir.1980), *quoting United States v. Anderson*, 579 F.2d 455, 460 (8th Cir.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). In the context of perjury and false swearing, this Court has held "that a statement which is technically, literally, or legally true" cannot support a conviction, even if misleading or confusing. *United States v. Arondel de Hayes*, 22 MJ 54, 55 (CMA 1986). Likewise, when dealing with ambiguous statements, we have held "that doubts as to the meaning of allegedly false testimony should be resolved in favor of truthfulness." *United States v. Purgess*, 13 USCMA 565, 568, 33 CMR 97, 100 (1963).

The defense's theory focused on the ambiguity of the recertification. The military judge apparently was swayed by the defense's argument that the recertification statement was ambiguous and subject to the reasonable interpretation adopted by Sergeant Evans, *i.e.*, that the recertification was not "wholly false" because he had provided, in the aggregate, "adequate support" for his wife during the preceding 2 years. The error occurred when the military judge "sidestepped [Sergeant Evans'] defense" and found him not guilty of falsely making the certification set out in the specification, *i.e.*, that he had "provided adequate support ... for the last two years"; but he found Sergeant Evans guilty of falsely making a certification which he did not make and was not charged with making, *i.e.*, that he had provided "adequate support" for the preceding 3 months.

██ Findings by exceptions and substitutions are permissible, so long as they do not substantially change the nature of the charged offense. RCM 918(a)(1), Manual, supra; *United States v. Wray*, 17 MJ

375–76 (CMA 1984). Findings of an offense which is substantially different from the offense charged violate due process. *Dunn v. United States*, 442 U.S. 100, 106, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979). In this case, the military judge made findings by exceptions and substitutions which changed the essence of the facts alleged to have been falsely certified. Thus, the military judge erroneously found Sergeant Evans guilty of an offense substantially different from the charged offense. Accordingly, we answer the first certified question in the negative.

### B. Larceny

■ Turning to the larceny specification, we agree with the Court of Military Review that the Government failed to prove that Mrs. Evans had any possessory or ownership interest in the BAQ received by Sergeant Evans. To prove larceny of the BAQ from Mrs. Evans, the prosecution was required to prove that Mrs. Evens either was the legal owner of the BAQ, possessed the BAQ, or had a greater right of possession to it than did Sergeant Evans. Para. 46c(1)(c), Part IV, Manual, *supra.*

The prosecution introduced Sergeant Evans' pay records, an extract from the Department of Defense Pay and Entitlements Manual (DODPM), and the testimony of the military pay expert, SSgt Scheel. The prosecution's theory was that Sergeant Evans drew BAQ at the higher "with dependents" rate from January 1989 until May 1990 but wrongfully withheld from his wife an amount equal to the difference between the "with dependents" and "without dependents" rate.

The DODPM provides that BAQ is paid to the military member, and the remedy for nonsupport of dependents is termination of BAQ, not payment directly to the spouse. Para. 30236a, DODPM. SSgt Scheel testified that "it's his; it's not theirs; it's for their support." She also testified that when BAQ is terminated for nonsupport, the amounts revert to the Government, not the spouse. Finally, she testified that BAQ is not paid to the spouse unless there is a court order or support agreement in effect which directs payment to the spouse. The prosecution presented no evidence of such a court order or support agreement in effect from January 1989 to May 1990.

We hold that the foregoing evidence is insufficient to establish any possessory or ownership interest of Mrs. Evans in the BAQ received by Sergeant Evans. To the contrary, this Court has held, under similar facts, that allowances paid to a servicemember to defray the cost of supporting a dependent are property of the United States. *United States v. Antonelli*, 35 MJ 122, 127–28 (CMA 1992). Accordingly, we agree with the Court of Military Review that the prosecution failed to prove that Mrs. Evans had a greater possessory right in the BAQ than Sergeant Evans. We answer the second certified question in the negative.

### C. New Trial

■ Finally, we turn to that part of the Court of Military Review's decision which inexplicably authorized a "new trial." 34 MJ at 1055. With respect to the false official statement, the military judge found Sergeant Evans not guilty of the offense charged. Likewise, the Court of Military Review held, and we agree, that the prosecution failed to prove the larceny. Thus the evidence was insufficient to sustain the conviction, so an acquittal is required. While the court below ordered a "new trial," what it really ordered was an "other trial." A new trial may only be ordered pursuant to Article 73, UCMJ, 10 USC § 873, and that criteria was inapplicable here. This Court has held that another trial may not be ordered for an offense of which an accused has been acquitted. *United States v. Culver*, 22 USCMA 141, 46 CMR 141 (1973). Accordingly, an other trial may not be held on either charge.

### III. *Decision*

The decision of the United States Air Force Court of Military Review is reversed to the extent that it authorizes further proceedings at trial. In all other respects the decision below is affirmed. The findings of guilty and the sentence are set aside and the charges are dismissed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.