UNITED STATES, Appellee,

v.

Sergeant First Class Francis A. WILLIS, United States Army, Appellant.

ARMY 9701676.

U.S. Army Court of Criminal Appeals.

14 May 1999.

For Appellant: Captain Scott A. De La Vega, JA (argued); Colonel John T. Phelps II, JA; Major Holly S.G. Coffey, JA; Captain Norman R. Zamboni, JA (on brief); Captain Kirsten Campbell–Brunson, JA.

For Appellee: Captain Marcella Edwards–Burden, JA (argued); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Major Patricia A. Ham, JA (on brief).

Before CAIRNS, Senior Judge, KAPLAN, and MERCK, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Judge:

Pursuant to the appellant's pleas, a military judge, sitting as a special court-martial, found the appellant guilty of fraudulent enlistment and making a false official statement in violation of Articles 83 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 883 and 907 [hereinafter UCMJ]. At the close of the evidence, contrary to his pleas, the appellant was convicted of two additional offenses of making a false official statement, in violation of Article 107, UCMJ. The military judge sentenced the appellant to a bad-conduct discharge. The convening authority approved the sentence as adjudged.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the appellant's assignment of error,[1] the matter personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the government's reply thereto, and the oral arguments of counsel. We reject appellant's assignment of error but have determined that it warrants comment. In addition, although not raised as an assignment of error, under the facts of this case, we find that the military judge erred, in part, in his findings of guilty by exceptions and substitutions as to Specification 1 of Charge II. We will grant appropriate relief. We have considered the appellant's *Grostefon* matter and find it warrants no relief.

## FACTS

The appellant, in Specification 1 of Charge II, was accused of making a false official statement, as follows:

In that Sergeant First Class Francis A. Willis, U.S. Army, did, at or near Fort Hood, Texas, between on or about 1 August 1996 and 30 September 1996, with intent to deceive, make to Sergeant First Class James Privette, an official statement, to wit: "I possess a valid license as a practical nurse," or words to that effect, which statement was totally false, and was then known by the said Sergeant First Class Francis A. Willis to be so false.

The appellant held the military occupational specialty (MOS) 91C, licensed practical nurse. To hold that MOS, a soldier must be licensed by a State as a practical nurse. At trial, the government called Sergeant First Class (SFC) James Privette as a witness. Sergeant First Class Privette testified that, in his capacity as the operations noncommissioned officer at the 13th COSCOM retention office, he reviewed a bar to reenlistment packet in which the appellant was accused of not being licensed by a State as a practical nurse. Near the end of August 1996, SFC Privette discussed with the appellant the status of his license as a practical nurse. The appellant told him that he had "turned [his] copy of the license in [to the unit] and didn't have another copy of it." Sergeant First Class Privette understood appellant's response to mean that appellant was a licensed practical nurse. The record is clear, and the appellant does not dispute, that he was not a licensed practical nurse.

At the conclusion of the evidence, the military judge found the appellant guilty, inter alia, of Specification 1 of Charge II, except the words, "I possess a valid license as a practical nurse, or words to that effect," substituting therefor the words, "I have a copy at home of my license which was turned in to my unit, or words to that effect."

1. APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE COURT–MARTIAL RETURNED FINDINGS OF GUILTY TO SPECIFICATION 1 OF CHARGE II (FALSE OF-FICIAL STATEMENT) BY EXCEPTIONS AND SUBSTITUTIONS WHICH SUBSTANTIALLY CHANGED THE NATURE OF THE OFFENSE.

## DISCUSSION

Article 66(c), UCMJ, imposes on this court the duty to affirm only those findings of guilty that we find correct in law and fact. The test for legal sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the government, a fact finder could rationally have found all the essential elements of an offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A.1991). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987). We are convinced beyond a reasonable doubt that the evidence is legally and factually sufficient to sustain a conviction for the offenses of which the appellant was found guilty. We find, however, as to the alleged statement contained in Specification 1 of Charge II, that the evidence establishes only so much of the language as found by the military judge as provides that the appellant's statement to SFC Privette was that he "turned in a copy of the license [2] [to the unit]." We will grant appropriate relief.

The gravamen of appellant's claim [3] is that a fatal-variance between proof and pleadings occurred. A variance between pleadings and proof occurs when the evidence adduced at trial establishes the commission of a criminal offense but the proof does not strictly conform to the offense alleged in the specification. *United States v. Lee*, 1 M.J. 15, 16 (1975). To be successful on a claim of fatal-variance, the appellant must demonstrate that the variance was material and that it substantially prejudiced

him. *United States v. Allen*, 50 M.J. 84, 86 (1999).

Clearly, there was no material variance. The date, time, and subject matter of the offense remained the same. The court's amended findings do not substantially change the nature or the identity of Specification 1 of Charge II. *Compare United States v. Evans*, 37 M.J. 468, 472 (C.M.A.1993); *United States v. Wray*, 17 M.J. 375, 376 (C.M.A. 1984); *United States v. Collier*, 14 M.J. 377 (C.M.A.1983); Rule for Courts–Martial 918(a)(1). As charged, the plain meaning of the language alleged to be false was that the appellant said he was licensed as a practical nurse ("I possess a valid license as a practical nurse," or words to that effect). The findings, as modified in our decretal paragraph, state that the specific language supported by the findings was, "I turned in [my] copy of my [practical nurse] license to my unit," or words to that effect. The record makes it clear that the appellant's intent was to convey to SFC Privette that he was a licensed practical nurse, but he couldn't prove it because he had turned in his copy of the license to his unit.

To determine prejudice, we apply a two-part test: (1) has the appellant been misled to the extent that he was unable to adequately prepare for trial; and (2) is the appellant fully protected against another prosecution? *Allen*, 50 M.J. at 86; *United States v. Hunt*, 37 M.J. 344, 347, 348 (C.M.A. 1993); *United States v. Gowadia*, 34 M.J. 714, 717 (A.C.M.R.1992). The appellant was not surprised or misled by the factual basis for the variance [4] in Specification 1 of Charge II. The defense was prepared for trial, and the record of trial will protect the appellant against a subsequent trial. *Allen*, 50 M.J. at 86; *Collier*, 14 M.J. 377; *Gowadia*, 34 M.J. at 717.

---

2. The context of the discussion between SFC Privette and the appellant makes it clear that the appellant was referring to his practical nurse license.

3. We have further refined this assignment of error to reflect the court's decision regarding the sufficiency error (substituted language) discussed supra.

4. During defense counsel's argument on findings, she argued to the military judge the following: Starting first, Your Honor, with the Specification regarding Sergeant First Class Privette. Sergeant Privette took the stand today and he testified to exactly what he gave in his sworn statement. [Sergeant First Class Privette asked the appellant if he had his license and] Sergeant Willis said, "I turned it into the unit for filing[.]" ...

Accordingly, the court affirms only so much of the finding of guilty of Specification 1 of Charge II as follows:

In that Sergeant First Class Francis A. Willis, U.S. Army, did, at or near Fort Hood, Texas, between on or about 1 August 1996 and 30 September 1996, with intent to deceive, make to Sergeant First Class James Privette, an official statement, to wit: "I turned in [my] copy of my [practical nurse] license to my unit," or words to that effect, which statement was totally false, and was then known by the said Sergeant First Class Francis A. Willis to be so false.

The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the noted error, the entire record, and the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms the sentence.

Senior Judge CAIRNS and Judge KAPLAN concur.

Squires, Senior Judge, filed dissenting opinion.