UNITED STATES, Appellee

v.

Kerry T. WRIGHT II, Sergeant
U.S. Army, Appellant

No. 07-0412

Crim. App. No. 20051233

United States Court of Appeals for the Armed Forces

Argued November 27, 2007

Decided December 10, 2007

PER CURIAM

Counsel

For Appellant:  Major Leonard W. Jones (argued); Colonel
Christopher J. O'Brien; Lieutenant Colonel Steven C. Henricks,
Major Fansu Ku, and Captain Seth A. Director (on brief); Captain
Nathan J. Bankson.


For Appellee:  Major Dana E. Leavitt (argued); Colonel John W.
Miller II, Major Elizabeth G. Marotta, and Captain W. Todd
Kuchenthal (on brief); Captain Michael Friess.



Military Judge:  R. Peter Masterton


**This opinion is subject to revision before final publication.**

United States v. Wright, No. 07-0412/AR

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of making a false official statement and larceny of military property in violation of Articles 107 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 921 (2000).  The adjudged sentence included confinement for twelve months, reduction to pay grade E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.  The convening authority approved the sentence as adjudged, and the court below affirmed.  United States v. Wright, No. ARMY 20051233 (A. Ct. Crim. App. Feb. 28, 2007).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN FINDING APPELLANT'S PLEA OF GUILTY TO THE SPECIFICATION OF CHARGE I AND TO CHARGE I, FALSE OFFICIAL STATEMENT, PROVIDENT WHEN THE STATEMENT IN QUESTION WAS NOT, IN FACT, FALSE.

BACKGROUND

Appellant pleaded guilty to making the following false official written statement to an officer investigating the theft of computers:  "While loading up the connex's, I noticed that the four computers weren't on top of the box anymore."  During the course of the providence inquiry, Appellant admitted that while he was loading military property into vans prior to his unit's redeployment, he and another soldier stole four

2

government laptop computers from off the top of a box, rather than loading them into a van.  Appellant explained that the charged statement he made to the investigating officer was false because it meant that he had "no knowledge of where the computers went," when "in all actuality, [he] knew why they were missing and where they went."  The following colloquy occurred between the military judge and Appellant:

> MJ:  And are you sure that statement was totally false?  In other words, are you sure that that statement was totally false?[1]
>
> ACC:  Sir, they were no longer on top of the box, that's true, but the false part is I knew where they went, sir.
>
> MJ:  So essentially, by making that statement, that statement was completely misleading or false?
>
> ACC:  Yes, sir.
>
> MJ:  You admit that?
>
> ACC:  Yes, sir.
>
> MJ:  Do you admit that you knew it was false at the time you made it?
>
> ACC:  Yes, sir.
>
> MJ:  And do you admit that the false statement was made with the intent to deceive?
>
> ACC:  Yes, sir.
>
> MJ:  How was it made with the intent to deceive?

---

[1] We note that the element in question requires that the statement be "false in certain particulars" as opposed to "totally false."  Manual for Courts-Martial, United States pt. IV, para. 31.b.(2) (2005 ed.).

3

> ACC: By telling him that I noticed they weren't on the box anymore, that'd tell him that I had no knowledge of the computers being moved, sir.

Furthermore, Appellant reiterated that his statement "basically told [the investigating officer] that [he] didn't know anything about the computers coming up missing . . . to prove to him that [he] had nothing to do with the computers being missing, or [that he] didn't know about the computers being missing."

On appeal, Appellant argues that the military judge erred in accepting his guilty pleas to making a false official statement because the statement, although misleading, was true.

## DISCUSSION

Within the context of the circumstances of this case as set forth in the providence inquiry, Appellant's statement was false. United States v. Arondel de Hayes, 22 M.J. 54, 56 (C.M.A. 1986) ("[W]ords, clear on their face, are to be understood in their common sense and usage."). Appellant lied when he asserted that "[w]hile loading up the connex's," he noticed the computers were missing. "Having said that, he said more than simply that they were absent: He said that he had no explanation for their absence. Of course, this was not literally true." Id. Appellant's statement also falsely suggested that the computers went missing at a particular time, that is, while he was loading up the connex boxes. Accordingly, no substantial basis in law and fact exists for questioning the

4

United States v. Wright, No. 07-0412/AR

guilty plea.  United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

DECISION

We affirm the decision of the United States Army Court of Criminal Appeals.