# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MARTELO C. NELSON**
**United States Army, Appellant**

ARMY 20140758

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Christopher A. Clausen, JA (on brief).

31 October 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

A panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification each of false official statement and sexual assault by causing bodily harm in violation of Articles 107 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, six years confinement, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved only so much of the sentence that provided for a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant counsel raises one error which merits discussion but not relief.[1] The appellant challenges the legal and factual sufficiency of his conviction for false official statement.

## LEGAL SUFFICIENCY OF FALSE OFFICIAL STATEMENT

The evidence of appellant's false official statement at trial did not exactly match the words of the statement as alleged in the specification. Appellant alleges that this variance calls into question the legal sufficiency of the specification.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The false official statement specification alleged that appellant had made an official statement, to wit:

> that he had not had physical contact with [Private First Class (PFC) IMH] during his visit to her barracks room on or about 18 August 2013, *except possibly to accidentally brush her with his elbow*, or words to that effect, which statement was totally false . . .

(emphasis added).

The evidence introduced at trial to support this allegation was the videotaped interview of appellant. In the videotaped interview, when appellant was asked if he touched PFC IMH in any way appellant stated, "maybe [put] my arm around her." When asked by Criminal Investigation Command (CID) Special Agent (SA) RGW if

---

[1] We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they do not merit relief.

appellant had more physical contact with PFC IMH such as touching or kissing her, appellant stated "No" and shook his head in the negative.

The material contents of both statements is the same: appellant denied sexual contact with PFC IMH. The difference between the statements is the qualification. The specification provided for the exception "except possibly to accidentally brush her with his elbow" whereas in the videotape appellant in fact stated "maybe" he put "his arm around her."

This discrepancy was noticed at trial and the military judge gave the panel a variance instruction. However, the panel convicted appellant as charged.

The UCMJ provides for notice pleading. Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(3). In that vein, the specification specifically alleged "or words to that effect." It is expected that the evidence at trial will not always match word for word the specification alleged.[2] We find no material difference between the specification as alleged and the evidence as it was introduced at trial. Both denied sexual contact with the victim. Both admitted the possibility of non-sexual contact with appellant's arm. Although the phrasing is different, appellant was certainly on notice of what he was charged with and what he must defend himself against. *See United States v. Willis*, 50 M.J. 841 (Army Ct. Crim. App. 1999), *pet. denied*, 52 M.J. 412 (C.A.A.F. 1999).

Accordingly, we find appellant's conviction for false official statement to be correct both in law and fact.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge MULLIGAN concurs.

---

[2] Here, the record reveals that the only reason for the discrepancy was the sloppiness of government counsel, who drafted the specification based on the CID agent's notes not from watching the actual evidence. However, we find no legal relevance as to why the discrepancy occurred. Our focus is on what was the charge as alleged and what evidence was introduced at trial. Whether it was caused by sloppiness or by the innate nature of changing witness memories, the focus is whether the evidence matches the specification – not on the pretrial actions by the trial participants.

FEBBO, Judge, concurring in part and dissenting in part.

I concur that appellant's conviction for sexual assault by causing bodily harm should be affirmed. I disagree with my fellow judges on the factual sufficiency of the Specification of Charge II, which alleged:

> In that [appellant], did, at or near Fort Stewart, Georgia, on or about 21 August 2013, with intent to deceive, make to [SA RGW] an official statement, to wit: that he had not had physical contact with [PFC IMH] during his visit to her barracks room on or about 18 August 2013, *except possibly to accidentally brush her with his elbow*, or words to that effect, which statement was *totally false*, and was known by the [appellant] to be so false.

(emphasis added).

The interrogation in question went as follows:

SA RGW: Did you touch her in any way?

Appellant: Uh, maybe my arm was around her.

SA RGW: No, I'm talking about more than *that*.

Appellant: [Shakes head indicating no.]

SA RGW: I'm talking about, you *touch or kiss* her?

Appellant: Nah [no].

SA RGW: None of *that* never happened?

Appellant: No.

SA RGW: Nothing like *that*?

Appellant: No. [Shakes head no.]

(emphasis added).

After review of the entire record, I am not convinced beyond a reasonable doubt as to one of the elements of appellant's conviction for false official statement. The evidence introduced at trial to support this allegation was the testimony of CID

SA RGW and the videotaped interview of appellant. During the videotaped interview, appellant never stated that he may have accidentally brushed her with his elbow. During cross-examination by trial defense counsel, SA RGW stated that the appellant never made the statement "except possibly to accidentally brush her with his elbow." Special Agent RGW indicated he may have been confused with another case when he summarized appellant's testimony in the CID investigation report. Special Agent RGW stated that appellant did admit to some physical contact with PFC IMH by putting his arm around her.

At the conclusion of the government's case, the trial defense counsel moved to dismiss Charge II and its Specification under R.C.M. 917. The military judge denied the motion to dismiss. Instead, the military judge gave a variance instruction to the panel that they could make "minor modifications" to Charge II. *See* Dep't of Army Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 7-15 (10 Sep. 2014). After deliberations, the panel did not make any exceptions or substitutions and found appellant guilty of the charge as drafted.

"A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge." *United States v. Lubasky*, 68 M.J. 260, 264 (C.A.A.F 2010) (quoting *United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003). Similar to *Lubasky*, the panel made no exceptions and substitutions. Absent exceptions and substitutions by the fact-finder, the court must determine if the change has a fatal variance between the pleadings and the proof. *See United States v. Marshall*, 67 M.J. 418, 420-21 (C.A.A.F. 2009) (holding the exceptions and substitutions produced a fatal variance because the change was both material and substantially prejudicial). A material variance is one that substantially changes the nature of the offense, increases the seriousness of the offense, or increases the punishment for the offense. *United States v. Marshall*, 67 M.J. 418, 420 (C.A.A.F. 2009). "Whether there was a fatal variance is a question of law reviewed de novo." *United States v. Treat*, 73 M.J. 331, 335 (C.A.A.F. 2014).

I believe a variance supported by the majority substantially changes the nature of the offense charged, and that variance is material and fatal. In appellant's case the government's proof for the false official statement did not match the allegations on the charge sheet. Appellant never made a false official statement about denying physical contact except accidentally brushing PFC IMC with his elbow. Although R.C.M 307(c)(3) provides for notice pleading and the specification included "words to that effect," the words charged were not even the appellant's and likely came from a completely unrelated CID investigation.

We must balance notice pleading with fair notice. *United States v. Tunstall*, 72 M.J. 191 (C.A.A.F. 2012) ("[A]n accused has a right to know what offense and *under what legal theory* he will be convicted." (quoting *United States v. Jones*, 68

M.J. 465, 468 (C.A.A.F. 2009))).  Appellant was not charged with a false official statement that he did not have *physical* contact of a *sexual nature* with PFC IMH as the majority infers.  Instead, the government charged appellant with making a totally false statement to SA RGH when he stated that "he had not had *physical* contact with PFC IMH," or words to that effect.  However, the evidence at trial established that appellant actually stated "maybe my arm was around [PFC IMH]."  Certainly in the interrogation, appellant minimized his contact with PFC IMH, but he did not deny any physical contact.  The progression of the interview and the agent's use of the pronoun "that" without any antecedent show that the agent was clearly interested in sexual contact.  Physical contact is substantially different than sexual contact.  In fact our punitive articles share this important delineation.  *See* Articles 120 and 128, UCMJ.  To find appellant guilty of false official statement based on his ambiguous statements would blur this distinction.  "When dealing with ambiguous statements, we have held 'that doubts as to the meaning of allegedly false testimony should be resolved in favor of truthfulness.'"  *United States v. Evans*, 37 M.J. 468, 472 (C.M.A 1993) (quoting *United States v. Purgess*, 33 C.M.R. 97 (C.M.A. 1963)).

The statement to SA RGW did not have to be totally false to support a conviction of false official statement.  *United States v. Wright*, 65 M.J. 373, 374 (C.A.A.F. 2007).  However, in considering the circumstances unique to this case, there is not sufficient evidence to find beyond a reasonable doubt that the appellant is guilty of making an official statement that was totally false.  The mistake in drafting the specification that potentially included a statement from another CID investigation was not a harmless error and it prejudiced the appellant.  I am not aware of a case where an appellant, without variance, was found guilty of making a false official statement that *someone else* made to a CID agent.

The majority's reliance on *Willis* is misplaced.  In *Willis*, appellant's alleged false official statement was "I possess a valid license as a practical nurse, or words to that effect" *Id*. at 843.  The military judge found, by exceptions and substitutions, Willis guilty of false official statement to wit: "I have a copy at home of my license which was turned into my unit, or words to that effect." *Id*.  Although this court upheld such an exception and substitution, the meaning of both statements was clear—Willis was a licensed nurse.  Without appellant's own words in the specification to fill the gap, the distinction between physical contact and physical contact of a sexual nature is a bridge too far.

The trial defense counsel's strategy was based on impeaching SA RGW and establishing that appellant did not actually make the charged statement or a totally false statement to SA RGW.  *See Evans*, 37 M.J. at 472.  (The prosecution has the burden of "negativing any reasonable interpretation" that appellant's statement was factually correct and there was error in exceptions and substitution of an Article 107 offense when the defense theory focused on the ambiguity of the statement and that it was not "wholly false.").  The defense was prejudiced in its ability to defend

6

against the charge as drafted. For these reasons, I respectfully dissent as I would set aside the finding of guilty to the Specification of Charge II and Charge II, and would reassess the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court